525 So.2d 1025 (1988)
Tommy Lee CARDWELL, Appellant,
v.
STATE of Florida, Appellee.
No. 87-816.
District Court of Appeal of Florida, Fifth District.
June 2, 1988.
James B. Gibson, Public Defender, and Glen Gifford, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Paula C. Coffman, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Chief Judge.
Cardwell was convicted of aggravated battery[1] and possession of a weapon[2] after he became involved in an argument with two women outside the Brass Rail in Winter Garden. A bystander, Ron Allen, intervened on behalf of the women, and Cardwell apparently struck Allen, causing him to fall to the ground. As Allen lay dazed, Cardwell broke a beer bottle on the edge of a nearby car and cut Allen across the throat and face. Cardwell argues he was improperly convicted of both offenses *1026 on double jeopardy principles. We agree that multiple punishments are not warranted and reverse in part.
Section 784.045(1)(b) (aggravated battery) requires two elements: the commission or attempted commission of a battery (a misdemeanor), and the use of a deadly weapon.[3] In contrast, section 790.07(1) (possession) requires two different elements: the commission or attempted commission of a felony; and display, threat or attempt to use a weapon.[4] In comparing the two offenses, it is clear that each requires at least one element the other does not, and a presumption arises under Blockburger[5] that the two offenses are separate. Carawan v. State, 515 So.2d 161 (Fla. 1987).
However, our examination does not cease with a Blockburger evaluation. Carawan. We must next examine all relevant factors in an attempt to discern any legislative intent behind the statutes. Carawan.
Section 790.07 does not authorize "across-the-board" multiple punishments because subsection (3) specifically excludes certain offenses and "other similar offenses." Neither is it clear from the language of the statute that the legislature intended to preclude multiple punishments. On its face, section 790.07(1) specifically includes "use" of a weapon while attempting to commit a felony, and an interpretation of that statute could include aggravated battery. However, since battery (a misdemeanor) is elevated to a felony (aggravated battery) when a weapon is used,[6] a second conviction under the possession statute (also a felony), would be duplicative as each would punish for the same wrong. Where, as here, an accused is charged under two statutory provisions that manifestly address the same evil, and there is no clear evidence of legislative intent to the contrary, the most reasonable conclusion usually is that multiple punishments were not intended. Carawan.
Furthermore, where the presumption under Blockburger would reach an unreasonable result, and there is a basis for concluding that a result contrary to the Blockburger presumption exists, the rule of lenity[7] must be applied. Carawan. That rule requires all doubts to be resolved in favor of the accused. Carawan. Applying these principles requires us to find that conviction under both statutes, arising from a single act, is improper.[8]
Cardwell also argues that the trial court erred in scoring victim injury as severe. A total of twenty-six internal and external stitches were required to close the wound, which resulted in a scar running from Allen's cheekbone to his adam's apple. Had Allen's injuries been any more severe, they would have been fatal, and we find no merit to this argument.
Finally, Cardwell contends the lower court erred in imposing court costs. Pursuant to Harriel v. State, 520 So.2d 271 (Fla. 1988) and Mays v. State, 519 So.2d 618 (Fla. 1988), we quash the trial court's imposition of costs, requiring notice and opportunity to be heard upon remand.
*1027 We conclude that dual punishments for aggravated battery with a weapon, and possession of a weapon, which arise from a single act, are impermissible. Accordingly, the conviction of the lesser crime, possession of a weapon, must be vacated. State v. Barton, 523 So.2d 152 (Fla. 1988). The sentence on the aggravated battery offense must then be recalculated without the improper additional conviction. In all other respects the judgment is affirmed.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
DAUKSCH and DANIEL, JJ., concur.
NOTES
[1] § 784.045(1)(b), Fla. Stat. (1985).
[2] § 790.07(1), Fla. Stat. (1985).
[3] Section 784.045(1), Florida Statutes (1985) states as follows:

(1) A person commits aggravated battery who, in committing battery:
(a) Intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement; or
(b) Uses a deadly weapon.
[4] Section 790.07(1), Florida Statutes (1985) states:

(1) Whoever, while committing or attempting to commit any felony or while under indictment, displays, uses, threatens, or attempts to use any weapon or electric weapon or device or carries a concealed weapon is guilty of a felony of the third degree... .
[5] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); codified at § 775.021(4), Fla. Stat. (1985).
[6] §§ 784.03(2), 784.045(2), Fla. Stat. (1985).
[7] Codified at § 775.021(1), Fla. Stat. (1985).
[8] The single act distinction is noted in Carawan v. State, 515 So.2d 161 (Fla. 1987). A different result could ensue where the accused engaged in more than one act. Had Cardwell, for example, additionally threatened Allen with the broken beer bottle, conviction for both offenses may have been proper. See also, Hall v. State, 517 So.2d 678 (Fla. 1988).