536 So.2d 399 (1989)
James C. CRAYTON, Appellant,
v.
STATE of Florida, Appellee.
No. 88-590.
District Court of Appeal of Florida, Fifth District.
January 12, 1989.
James B. Gibson, Public Defender, and Daniel T. Schafer, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
The appellant, James Crayton, was convicted after jury trial of aggravated assault with a firearm, use of a firearm in commission of a felony (shooting into an occupied vehicle), and shooting into an occupied vehicle. On appeal he argues that (1) the trial court erred in allowing the prosecution to state facts not in evidence during closing argument, and (2) he cannot be convicted for both shooting into an occupied vehicle and use of a firearm to do it.
In regard to the first point it is clear that the trial court erred in allowing the prosecutor to comment on a matter outside the record. It is equally clear, however, beyond any reasonable doubt, that the comment did not affect the defendant's convictions, which were inevitable in light of the trial testimony. See Long v. State, 494 So.2d 213 (Fla. 1986); State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). Therefore, we reject appellant's claim of entitlement to a new trial on this ground.
The appellant also contends that he cannot be convicted under both section 790.19, Florida Statutes (1987) (shooting into an occupied vehicle) and section 790.07(2), Florida Statutes (1987) (use of a firearm during commission of the felony of shooting into an occupied vehicle) based upon evidence that he fired one time into an occupied vehicle.
We agree. Section 775.021(4), Florida Statutes (1987) provides:
(4) Whoever, in the course of one criminal transaction or episode, commits separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are *400 separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
The offense of use of a firearm to shoot into an occupied vehicle[1] requires no proof different from that required in regard to the offense under section 790.19 of shooting into an occupied vehicle. In the absence of express legislative authorization to the contrary, we assume the legislature did not intend to punish the same offense under different statutes. Ball v. United States, 470 U.S. 856, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985); Missouri v. Hunter, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983). Therefore, we affirm the conviction for shooting into an occupied vehicle per section 790.19 and reverse the conviction for the ancillary offense of use of a firearm per section 790.07(2).
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED FOR RESENTENCING.
DAUKSCH and GOSHORN, JJ., concur.
NOTES
[1] It should be noted that there was no proof below, nor contention on appeal, that Crayton unlawfully displayed or threatened to use a firearm, or carried a concealed firearm, while committing the felony  only that he used one to shoot at an occupied vehicle.