539 So.2d 573 (1989)
John M. CURRY, Appellant,
v.
STATE of Florida, Appellee.
No. 87-2345.
District Court of Appeal of Florida, Fifth District.
March 9, 1989.
James B. Gibson, Public Defender and Glen P. Gifford, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Ellen D. Phillips, Asst. Atty. Gen., Daytona Beach, for appellee.
DANIEL, Judge.
John Curry, the defendant below, appeals his judgments and sentences for second *574 degree murder, shooting or throwing a deadly missile into a building, and use of a firearm while committing or attempting to commit a felony. Curry was found guilty of all three charges by a jury and was then adjudicated guilty and sentenced to three concurrent terms of twelve years imprisonment.
The record reflects that Curry and Peggy Walker had been dating, Peggy broke off the relationship, Curry came to Peggy's apartment knocking at the door and attempting to get Peggy's attention. Peggy told him to go away  that their relationship was over. Curry fired two shots, one of which went through Peggy's front door striking Jenkins, a visitor in Peggy's apartment, who was sitting on a couch in a direct line with the door. Jenkins died as a result of the gunshot wound several days later.
Curry raises three points on appeal. We find no merit to the first and second points and accordingly affirm Curry's convictions and sentences for second degree murder and shooting into a building.
As his third point on appeal, Curry contends that the trial court erred in adjudicating him guilty and sentencing him for the use of a firearm in the commission of a felony for acts already punished through the other two convictions and sentences. We agree. See Crayton v. State, 536 So.2d 399 (Fla. 5th DCA 1989); Willingham v. State, 535 So.2d 718 (Fla. 5th DCA 1989). See also Hall v. State, 517 So.2d 678 (Fla. 1988); Neal v. State, 527 So.2d 966 (Fla. 5th DCA 1988); Cardwell v. State, 525 So.2d 1025 (Fla. 5th DCA 1988); Richardson v. State, 523 So.2d 746 (Fla. 5th DCA 1988); Wright v. State, 519 So.2d 1157 (Fla. 5th DCA 1988). Accordingly, we reverse the conviction and sentence for use of a firearm in the commission of a felony.
AFFIRMED IN PART; REVERSED IN PART.
COBB and COWART, JJ., concur.