PER CURIAM.
This cause is before us on appeal of appellant’s convictions for attempted second-degree murder with a firearm and shooting into an occupied dwelling. Although appellant contends that the dual convictions stemmed from a single act and therefore violated double jeopardy principles under Carawan v. State, 515 So.2d 161 (Fla.1987), we affirm.
*367 In Curry v. State, 539 So.2d 573 (Fla. 5th DCA 1989), the Fifth District upheld dual convictions for second-degree murder and shooting or throwing a deadly missile into a building. Although the Fifth District vacated a third conviction for use of a firearm in the commission of a felony, finding that the additional conviction was an unauthorized multiple punishment for acts already punished through the other two convictions and sentences, the court did not vacate the shooting or throwing a deadly missile into a building offense.
Additionally, we find this case distinguishable from Torres v. State, 527 So.2d 272 (Fla. 3d DCA 1988), review denied, 536 So.2d 246 (Fla.1988), because the instant offense took place after the Legislature amended Section 775.021(4)(a), Florida Statutes, to provide that “[w]hoever in the course of one criminal transaction or episode commits an act or acts which constitute one or more separate criminal offenses upon conviction and adjudication of guilt shall be sentenced separately for each criminal offense.” Because the retroactivity concerns expressed in Heath v. State, 532 So.2d 9 (Fla. 1st DCA 1988), are not at issue sub judice, we affirm.
ERVIN, BOOTH and WENTWORTH, JJ., concur.