552 So.2d 1140 (1989)
Alphonse KELLY, Appellant,
v.
STATE of Florida, Appellee.
No. 87-2004.
District Court of Appeal of Florida, Fifth District.
October 19, 1989.
Rehearing Denied November 30, 1989.
*1141 James B. Gibson, Public Defender, and James R. Wulchak, Chief, Appellate Div., Office of the Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
In 1978, the defendant was convicted of aggravated battery and sentenced to a term of imprisonment of 6 years followed by 9 years' probation. With credit for time spent in the County Jail before sentence (§ 921.161(1), Fla. Stat.), credit for time actually served in prison in confinement, and credit for 875 days of basic gain time under section 944.275(1), Florida Statutes, and administrative gain time under section 944.276, Florida Statutes, the defendant completed the 6 year incarceration portion of his 1978 sentence and was released from prison on January 5, 1982.
During the 9 year period of probation appended to the 1978 sentence, the defendant, on February 11, 1987, was charged with the commission of new crimes and with the violation of the probation appended to the 1978 sentence. After trial, the defendant was convicted of the new offenses of attempted second degree murder (§ 777.04(1); 782.04(1)(a), Fla. Stat.), armed burglary (§ 810.02(2)(b), Fla. Stat.), and the use of a firearm in the commission of a felony (§ 790.07(2), Fla. Stat.), and also found guilty of violating the 1978 probation. The three new crimes of which the defendant was convicted occurred while he was looking for his ex-girlfriend and related to his ex-girlfriend's mother and his ex-girlfriend's mother's house. During the trial, the state presented evidence of an event of the preceding evening indicating that the defendant may have committed an uncharged aggravated assault upon his ex-girlfriend and another person.
The recommended guidelines sentence on the new offenses was 12-17 years. Giving written reasons for departing from the recommended guidelines range, the trial court imposed a sentence of 50 years for the armed burglary, 15 years for the attempted second degree murder and 5 years for the firearm offense.
As to the 1978 aggravated battery offense, the trial court sentenced the defendant to imprisonment for "any portion of 6 year sentence he did not actually serve, including any gain time and any administrative gain time."
The defendant appeals his convictions and sentences on the grounds that:
(1) The State erroneously introduced evidence of other crimes pursuant to section 90.404(2)(a), Florida Statutes, without giving the 10 day notice required by section 90.404(2)(b)(1), Florida Statutes;
(2) His constitutional double jeopardy rights were violated by his conviction of both armed burglary and the use of a firearm in the commission of a felony when both offenses related to a single factual event;
(3) The reasons given for the departure sentence were legally insufficient; and
(4) The resentencing and recommitment to incarceration for the period of the gain time and administrative gain time credit (875 days) given by the Department of Corrections pursuant to statutes against the 1978 six year sentence for aggravated battery was error.
We approve the trial court's admission of the evidence of the aggravated assault offense occurring on the evening before the charged offenses of which the defendant was convicted in this case on the ground that those events were inseparably linked in time and circumstances to the evidence relating to the charged offenses *1142 and were, therefore, properly admitted as "res gestae" evidence under section 90.402, Florida Statutes.
We agree with the defendant that his conviction for both the offense of armed burglary and the offense of use of a firearm in the commission of that felony, both based on a single factual event, violated his constitutional double jeopardy rights. His conviction for the firearm offense (§ 790.07(2), Fla. Stat.) is hereby reversed and his sentence relating thereto is vacated, see Hall v. State, 517 So.2d 678 (Fla. 1988); Kelly v. State, 552 So.2d 206 (Fla. 5th DCA 1989); Curry v. State, 539 So.2d 573 (Fla. 5th DCA 1989); Brown v. State, 538 So.2d 116 (Fla. 5th DCA 1989), rev. denied, 545 So.2d 1366 (Fla. 1989); Crayton v. State, 536 So.2d 399 (Fla. 5th DCA 1989); Willingham v. State, 535 So.2d 718 (Fla. 5th DCA 1989); Neal v. State, 527 So.2d 966 (Fla. 5th DCA 1988); Cardwell v. State, 525 So.2d 1025 (Fla. 5th DCA 1988); and Wright v. State, 519 So.2d 1157 (Fla. 5th DCA 1988).
Because the guidelines scoresheet used in this case included a score for the firearm offense reversed above, we vacate this sentence as imposed and remand with directions that a new corrected scoresheet be prepared without scoring the reversed firearm offense and that the defendant be resentenced thereafter. Accordingly, we do not here review the legal sufficiency of the reasons given for the departure sentence previously imposed.
The trial court treated the credit the defendant received for basic gain time under section 944.275, Florida Statutes, and administrative gain time under section 944.276, Florida Statutes, against his original 6 year sentence of incarceration as being a suspended and unserved portion of that 6 year sentence. Because of the violation of his probation, the trial court, in effect, revoked the basic gain time credit and administrative gain time credit by resentencing and recommitting the defendant to actually serve the 875 days which he received as statutory gain time credit against that 6 year sentence. The trial court erred in resentencing and recommitting the defendant to prison to serve the gain time and administrative gain time previously properly credited against the defendant's 6 year sentence by the Department of Corrections. See State v. Green, 547 So.2d 925 (Fla. 1989).
The defendant's conviction for the offense of the use of a firearm in the commission of a felony (§ 790.07(2), Fla. Stat.) is reversed. The sentence and commitment to prison to serve the 875 day period of basic gain time and administrative gain time already earned and credited against the original 6 year sentence imposed on the 1978 aggravated battery offense is vacated. The defendant's conviction of attempted second degree murder and of armed burglary is affirmed but the sentences relating thereto are vacated and the cause remanded with directions to prepare a new corrected scoresheet without reference to the firearm offense reversed herein and to resentence the defendant after consideration of the corrected guidelines sentence scoresheet giving proper credit for the six year sentence served including all gain time as earned.
AFFIRMED in part; REVERSED in part, REMANDED.
COBB, J., concurs.
SHARP, J., concurs specially, with opinion.
SHARP, Judge, concurring specially.
While I agree with the results reached by the majority, I disagree with the logical roadmap employed: following it could lead to an erroneous destination in another case.
Kelly appeals from his convictions and sentences for attempted second degree murder (§§ 777.04(1); 782.04(1)(a), Fla. Stat.), armed burglary (§ 810.02(2)(b), Fla. Stat.), and use of a firearm in the commission of a felony (§ 790.07(2), Fla. Stat.). He was also found guilty of violating his probation in connection with an aggravated battery conviction in 1978. The three current crimes were committed on January 9, 1987, while he was attempting to find his ex-girlfriend. He broke into her mother's *1143 house, with a handgun. Upon entering, he shot her mother with the gun, and then searched the house. He returned to the victim and pointed the gun at her, demanded that she tell him where the daughter was, and later he pointed the gun at her to prevent her from getting up off the floor, and he demanded she tell him where her car keys were.
The presumptive guidelines sentencing bracket for the three new offenses was 12-17 years. On October 9, 1987, the court gave written reasons for exceeding the presumptive sentence range and sentenced Kelly concurrently to 50 years for the armed burglary, 15 years for attempted second degree murder, and 5 years for the firearm offense. The trial court also sentenced Kelly to imprisonment for his 1978 offense to "any portion of the 6 year sentence he did not actually serve, including any gain time and any administrative gain time."
Kelly argues the trial court erred in the following regards:
(1) The State erroneously introduced evidence of other crimes pursuant to section 90.404(2)(a), Florida Statutes, without giving the 10 day notice required by section 90.404(2)(b)(1), Florida Statutes;
(2) His constitutional double jeopardy rights were violated by his conviction of both armed burglary and the use of a firearm in the commission of a felony when both offenses related to a single factual event;
(3) The reasons given for the departure sentence were legally insufficient; and
(4) The resentencing and recommitment to incarceration for the period of the gain time and administrative gain time credit (875 days) given by the Department of Corrections pursuant to statutes against the 1978 six year sentence for aggravated battery was error.
With regard to (1), I approve the trial court's admission of evidence that Kelly assaulted his ex-girlfriend on the evening before the crimes took place. Angered because she would not get out of a friend's car and talk to him, Kelly pointed a gun at her and shot at the car as it pulled away, shattering a window. The incident was reported to the police. The ex-girlfriend and her mother gathered some clothing from the mother's house, and spent the night at an older brother's home. The next morning, the girlfriend's mother and another family member returned to the mother's home, and encountered Kelly, who was waiting inside. The earlier events are so linked in time as to constitute part of the circumstance or "res gestae" of the crimes which were charged. They were properly admitted pursuant to § 90.402, Fla. Stat.
With regard to (2), Kelly's argument that he should not be convicted of both armed burglary and use of a firearm in the commission of a felony, I agree the latter conviction should be vacated, but not for double jeopardy reasons.[1]See Smith v. State, 548 So.2d 755 (Fla. 5th DCA 1989). The amended information charged Kelly under the firearm count with using the revolver while committing a felony: to wit burglary and/or assault. The evidence at trial established Kelly twice assaulted the victim with the revolver after shooting her. However the jury expressly found him not guilty of aggravated assault, ostensibly exercising its "jury pardon power." Therefore, the aggravated assault charge cannot be the underlying felony to sustain the firearm charge. See Wainwright v. State, 528 So.2d 1329 (Fla. 5th DCA 1988) and cases cited therein.
The firearm charge thus depends solely on the armed burglary count. Under a Carawan analysis, this constitutes dual punishment for a single evil contrary to legislative intent. See Hall v. State, 517 So.2d 678 (Fla. 1988). Pursuant to State v. Barton, 523 So.2d 152 (Fla. 1988), the lesser crime must be dropped.
All but one[2] of the cases cited by the majority which reverse a firearm count and leave standing a felony count, rely solely on a Carawan analysis, and the principle of lenity which the supreme court read into *1144 section 775.021, Florida Statutes (1987).[3] Although Willingham, a one paragraph per curiam opinion, does mention double jeopardy, the case involved employing use of the same firearm twice, once to upgrade the attempted murder conviction from a second degree misdemeanor to a first degree felony.[4] This case does not involve upgrading any felony charge because Kelly used a firearm. Because of the time when Kelly committed these offenses, this case should be resolved simply and cleanly on the basis of Carawan v. State, 515 So.2d 161 (Fla. 1987) and the pre-amended version of section 775.021(4). State v. Smith, 547 So.2d 613 (Fla. 1989). See Hammonds v. State, 548 So.2d 909 (Fla. 1st DCA 1989). We should leave for another day the consideration of the state and federal double jeopardy issues and application of the strict Blockburger[5] analysis pursuant to amended section 775.021(4), Florida Statutes (Supp. 1988).
I would also approve the trial court's reasons given for imposing a departure sentence in this case, even though resentencing is necessary. This could forestall another appeal involving the validity of these reasons, since it seems likely the trial judge will depart again, on resentencing. The reasons given for departure were:
1. That the psychological trauma inflicted upon the victim was extreme in that after shooting the victim with a .357 magnum revolver the defendant twice returned and pointed the cocked, loaded gun at her. Furthermore that the psychological damage was manifested at trial by direct testimony of the victim. See Harris v. State, No. 85-7205 [482 So.2d 548] (Fla. 4th DCA Feb. 5, 1986) [11 F.L.W. 340]; Tompkins v. State, No. 85-266 [483 So.2d 115] (Fla. 2d DCA Feb. 14, 1986) [11 F.L.W. 438]; Ochoa v. State, 476 So.2d 1348 (Fla. 2d DCA 1985); Parker v. State, 478 So.2d 823 (Fla. 2d DCA 1985); and Crappa [Crapps] v. State, Nos. BC-151 and ABC-334 [483 So.2d 544] (Fla. 1st DCA Feb. 21, 1986) [11 F.L.W. 488].
2. The defendant has exhibited a continually escalating pattern of criminal behavior. In 1972 the defendant was convicted of assault and battery. In 1978 the defendant was convicted of two separate offenses of aggravated battery and sentenced to six (6) years in the Department of Corrections followed by nine (9) years probation. The facts concerning one of those aggravated batteries indicate the vicious nature of the defendant in that he pistol-whipped the victim in the head. In the instant case the defendant was convicted by the jury of armed burglary of the victim's residence and attempted second degree murder of the victim in that the defendant shot the victim, his former girlfriend's mother, in the stomach with a.357 magnum revolver while in her home and for no apparent reason. See Keeley v. State, 460 So.2d 552 (Fla. 5th DCA 1984); Keys v. State, 473 So.2d 800 (Fla. 5th DCA 1985); May v. State, 475 So.2d 1004 (Fla. 5th DCA 1985); Johnson v. State, 477 So.2d 56 *1145 (Fla. 5th DCA 1985); and Smith v. State, No. 85-845 [480 So.2d 663] (Fla. 5th DCA Nov. 29, 1985) [10 F.L.W. 2634].
3. The instant offenses as well as the defendant's prior convictions all involved violence and this kind of activity has continued despite a period of incarceration in state prison and lengthy term of probation indicating that the defendant is not amenable to rehabilitation. Higgs v. State, 455 So.2d 451 (Fla. 5th DCA 1984) and Kiser v. State, 455 So.2d 1071 (Fla. 1st DCA 1984).
4. The intentional creation of terror justifies an upward departure. Hadley v. State, 488 So.2d 162 (Fla. 1st DCA 1986). In the instant case, the defendant subjected the victim to verbal abuse and actions calculated to put her in fear for her life. He pointed his gun at her, after shooting her, while demanding the whereabouts of the victim's daughter. The egregious conduct on the defendant's part warrants an upward departure.
I agree that the trial court erred in resentencing and recommitting Kelly to serve the incentive jail time and administrative jail time previously properly credited towards his 1978 offense.[6]
NOTES
[1] Marion v. State, 526 So.2d 1077 (Fla. 2d DCA 1988).
[2] Willingham v. State, 535 So.2d 718 (Fla. 5th DCA 1989).
[3] Hall v. State, 517 So.2d 678 (Fla. 1988) (reversed use of a firearm, left standing an armed robbery conviction on strictly a Carawan analysis; no mention of double jeopardy in opinion); Kelly v. State, 552 So.2d 206 (Fla. 5th DCA 1989) (reversed use of a firearm conviction citing Carawan; no mention of double jeopardy); Curry v. State, 539 So.2d 573 (Fla. 5th DCA 1989) (reversed use of a firearm conviction and affirmed two other felony convictions; no mention of double jeopardy); Brown v. State, 538 So.2d 116 (Fla. 5th DCA), rev. denied, 545 So.2d 1366 (Fla. 1989) (reversed use of a firearm conviction in case where use of a firearm was used to reclassify an attempted manslaughter charge upwards to a first degree felony; no mention of double jeopardy in majority opinion); Crayton v. State, 536 So.2d 399 (Fla. 5th DCA 1989) (reversed use of a firearm conviction on basis of section 775.021(4); no mention of double jeopardy); Neal v. State, 527 So.2d 966 (Fla. 5th DCA 1988) (reversed two lesser felony convictions involving same use of a firearm, which was the basis for armed robbery conviction; no mention of double jeopardy); Cardwell v. State, 525 So.2d 1025 (Fla. 5th DCA 1988) (reversal of possession of weapon conviction based solely on Carawan); Wright v. State, 519 So.2d 1157 (Fla. 5th DCA 1988) (possession of firearm conviction reversed based solely on Carawan and single evil analysis).
[4] § 775.087, Fla. Stat. (1987).
[5] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
[6] See State v. Green, 547 So.2d 925 (Fla. 1989).