COWART, Judge.
In 1978, the defendant was convicted of aggravated battery and sentenced to a term of imprisonment of 6 years followed by 9 years’ probation. With credit for time spent in the County Jail before sentence (§ 921.161(1), Fla.Stat.), credit for time actually served in prison in confinement, and credit for 875 days of basic gain time under section 944.275(1), Florida Statutes, and administrative gain time under section 944.-276, Florida Statutes, the defendant completed the 6 year incarceration portion of his 1978 sentence and was released from prison on January 5, 1982.
During the 9 year period of probation appended to the 1978 sentence, the defendant, on February 11, 1987, was charged with the commission of new crimes and with the violation of the probation appended to the 1978 sentence. After trial, the defendant was convicted of the new offenses of attempted second degree murder (§§ 777.04(1); 782.04(l)(a), Fla.Stat.), armed burglary (§ 810.02(2)(b), Fla.Stat.), and the use of a firearm in the commission of a felony (§ 790.07(2), Fla.Stat.), and also found guilty of violating the 1978 probation. The three new crimes of which the defendant was convicted occurred while he was looking for his ex-girlfriend and related to his ex-girlfriend’s mother and his ex-girlfriend’s mother’s house. During the trial, the state presented evidence of an event of the preceding evening indicating that the defendant may have committed an uncharged aggravated assault upon his ex-girlfriend and another person.
The recommended guidelines sentence on the new offenses was 12-17 years. Giving written reasons for departing from the recommended guidelines range, the trial court imposed a sentence of 50 years for the armed burglary, 15 years for the attempted second degree murder and 5 years for the firearm offense.
As to the 1978 aggravated battery offense, the trial court sentenced the defendant to imprisonment for “any portion of 6 year sentence he did not actually serve, including any gain time and any administrative gain time.”
The defendant appeals his convictions and sentences on the grounds that:
(1) The State erroneously introduced evidence of other crimes pursuant to section 90.404(2)(a), Florida Statutes, without giving the 10 day notice required by section 90.404(2)(b)(l), Florida Statutes;
(2) His constitutional double jeopardy rights were violated by his conviction of both armed burglary and the use of a firearm in the commission of a felony when both offenses related to a single factual event;
(3) The reasons given for the departure sentence were legally insufficient; and
(4) The resentencing and recommitment to incarceration for the period of the gain time and administrative gain time credit (875 days) given by the Department of Corrections pursuant to statutes against the 1978 six year sentence for aggravated battery was error.
We approve the trial court’s admission of the evidence of the aggravated assault offense occurring on the evening before the charged offenses of which the defendant was convicted in this case on the ground that those events were inseparably linked in time and circumstances to the evidence relating to the charged offenses *1142 and were, therefore, properly admitted as “res gestae” evidence under section 90.402, Florida Statutes.
We agree with the defendant that his conviction for both the offense of armed burglary and the offense of use of a firearm in the commission of that felony, both based on a single factual event, violated his constitutional double jeopardy rights. His conviction for the firearm offense (§ 790.07(2), Fla.Stat.) is hereby reversed and his sentence relating thereto is vacated, see Hall v. State, 517 So.2d 678 (Fla.1988); Kelly v. State, 552 So.2d 206 (Fla. 5th DCA 1989); Curry v. State, 539 So.2d 573 (Fla. 5th DCA 1989); Brown v. State, 538 So.2d 116 (Fla. 5th DCA 1989), rev. denied, 545 So.2d 1366 (Fla.1989); Crayton v. State, 536 So.2d 399 (Fla. 5th DCA 1989); Willingham v. State, 535 So.2d 718 (Fla. 5th DCA 1989); Neal v. State, 527 So.2d 966 (Fla. 5th DCA 1988); Cardwell v. State, 525 So.2d 1025 (Fla. 5th DCA 1988); and Wright v. State, 519 So.2d 1157 (Fla. 5th DCA 1988).
Because the guidelines scoresheet used in this case included a score for the firearm offense reversed above, we vacate this sentence as imposed and remand with directions that a new corrected scoresheet be prepared without scoring the reversed firearm offense and that the defendant be resentenced thereafter. Accordingly, we do not here review the legal sufficiency of the reasons given for the departure sentence previously imposed.
The trial court treated the credit the defendant received for basic gain time under section 944.275, Florida Statutes, and administrative gain time under section 944.-276, Florida Statutes, against his original 6 year sentence of incarceration as being a suspended and unserved portion of that 6 year sentence. Because of the violation of his probation, the trial court, in effect, revoked the basic gain time credit and administrative gain time credit by resentencing and recommitting the defendant to actually serve the 875 days which he received as statutory gain time credit against that 6 year sentence. The trial court erred in resentencing and recommitting the defendant to prison to serve the gain time and administrative gain time previously properly credited against the defendant's 6 year sentence by the Department of Corrections. See State v. Green, 547 So.2d 925 (Fla.1989).
The defendant’s conviction for the offense of the use of a firearm in the commission of a felony (§ 790.07(2), Fla.Stat.) is reversed. The sentence and commitment to prison to serve the 875 day period of basic gain time and administrative gain time already earned and credited against the original 6 year sentence imposed on the 1978 aggravated battery offense is vacated. The defendant’s conviction of attempted second degree murder and of armed burglary is affirmed but the sentences relating thereto are vacated and the cause remanded with directions to prepare a new corrected scoresheet without reference to the firearm offense reversed herein and to resentence the defendant after consideration of the corrected guidelines sentence scoresheet giving proper credit for the six year sentence served including all gain time as earned.
AFFIRMED in part; REVERSED in part, REMANDED.
COBB, J., concurs.
SHARP, J., concurs specially, with opinion.