PER CURIAM.
Defendant appeals her convictions for first-degree murder and possession of a firearm while engaged in a criminal offense. The instant offenses occurred on September 8, 1988, several months after the July 1, 1988 effective date of section 775.021(4), Florida Statutes (Supp.1988), the legislative amendment specifying the legislature’s intent that crimes with unique statutory elements be punished separately. In 1989, the supreme court reiterated that legislative intent stating: “[A]ll criminal offenses containing unique statutory elements shall be separately punished.” State v. Smith, 547 So.2d 613, 616 (Fla.1989) (emphasis in original). The first-degree murder statute, section 782.04(l)(a), Florida Statutes (1987), under which the defendant was convicted and sentenced, contains no elements in common with the firearm statute, section 790.07, Florida Statutes (1987), under which she was convicted and for which sentence was suspended.
Accordingly, the defendant’s double jeopardy rights were not violated and the convictions below must be affirmed.