573 So.2d 153 (1991)
Dean GIDDEN, Appellant,
v.
The STATE of Florida, Appellee.
No. 89-2921.
District Court of Appeal of Florida, Third District.
January 15, 1991.
Bennett H. Brummer, Public Defender, and Elliot H. Scherker, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Roberta G. Mandel, Asst. Atty. Gen., for appellee.
Before BARKDULL, HUBBART and FERGUSON, JJ.
PER CURIAM.
The failure to give the long-form instruction on excusable homicide was not fundamental error where the defense failed to make a timely objection to the court's instruction. State v. Smith, 573 So.2d 306 (Fla. 1990).
The defendant's second argument, that multiple convictions for attempted murder with a firearm and possession of a firearm during the commission of a felony violate the double jeopardy clause, is unpersuasive. The two applicable statutes contain no common elements and the offenses are not degrees of the same offense, thus a Blockburger[1] analysis does not preclude separate convictions for each offense.
*154 Carawan v. State, 515 So.2d 161 (Fla. 1987), does not preclude separate convictions because the offenses in this case were committed after the amendments to section 775.021(4), Florida Statutes (1989), became effective. Those amendments overruled Carawan for offenses that occurred subsequent to the effective date of section 775.021(4), as amended. State v. Smith, 547 So.2d 613, 617 (Fla. 1989).
Affirmed.
NOTES
[1] Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).