PER CURIAM.
The state appeals from an order vacating the defendant's judgment and sentence on the charge of unlawful possession of a firearm. We reverse.
The trial court erred in dismissing the counts for unlawful possession of a firearm as duplicative of the charges and convictions for attempted first-degree murder, armed robbery, and armed burglary. Under the statutory amendment to section 775.021(4), Florida Statutes (1990), which superceded Carawan v. State, 515 So.2d 161 (Fla.1987), the dual convictions are proper because the legislature expressed its intent that all criminal offenses containing, as here, a unique statutory element shall be separately punished. Gidden v. State, 573 So.2d 153 (Fla. 3d DCA 1991); Brunson v. State, 568 So.2d 1344 (Fla. 3d DCA 1990). The offenses in this case occurred after the effective date of the statutory amendment.
Since our decision is based on a post-Ca-rawan analysis of section 775.021(4), we do not reach defendant’s claim that he could not be convicted of the firearm charge since his other offenses were enhanced or aggravated by the fact he possessed a firearm.
*411 Reversed and remanded with directions to reinstate the firearm count of the information and the original sentence imposed.