COWART, Judge,
concurring specially.
The interesting underlying point of law in this case involves the proper legal effect of the relationship between two special “greater” offenses: felony murder (under sections 782.04(l)(a)2. or 782.04(3) or 782.-04(4), Florida Statutes), and the use of a weapon or firearm in the commission of a felony, (under sections 790.07(1) and (2), Florida Statutes) and their respective related underlying predicate “lesser” offenses. That relationship, and the legal effect of it, has been analyzed on the basis of at least three distinctively different concepts:
(1) LOGICAL RELATIONSHIP:[1] the fundamental logical relationship that exists between these particular two greater/lesser offenses, results from the fact that each of these two “greater offenses” has an inherent definitional dependent relationship with the existence of their respective underlying predicate “lesser offenses.”
(2) LEGISLATIVE INTENT: legislative intent, if any, embodied in applicable.,statutes (specifically sections 775.021(1) and (4), Florida Statutes).
*297 (3) DOUBLE JEOPARDY — IDENTITY AS “THE SAME OFFENSE”: the overriding intent and effect of the state and federal constitutional double jeopardy clauses (Article I, section 9, Fla.Const.; Amendment Y, Constitution of the United States).[2]
Legislative intent may, to some extent, override the logical relationship. Of course, a logical analysis of the substance of two offenses may reveal they are in substance “the same offense” bringing into play the constitutional double jeopardy clauses which override any legislative intent, the effectuation of which would violate that constitutional limitation.
In 1979 the Florida Supreme Court held that double jeopardy prevented a person from being convicted of both felony murder and the underlying felony essentially because all the elements of the underlying felony (the “lesser offense” because it necessarily always has a lesser number of constituent elements) constituted a single essential composite element of the felony murder charge, i.e., the underlying felony is a lesser offense the statutory elements of which are subsumed in and by the greater (felony murder) offense. See State v. Pinder, 375 So.2d 836 (Fla.1979).[3]
Then in the context of the felony murder/underlying felony problem, the supreme court seemed to consider the “logical relationship” between two offenses and the fact that the “greater” offense was by definition dependent upon the existence of the predicate (lesser) offense and to hold, in Mahaun v. State, 377 So.2d 1158 (Fla.1979), that a defendant could not be convicted of felony murder unless he was also convicted of the underlying felony. In Redondo v. State, 403 So.2d 954 (Fla.1981), the supreme court recognized that the dependent relationship between the “greater” offense of felony murder and its underlying felony was legally and logically analogous to the same dependent relationship between the firearm offense (§ 790.07(2), Fla.Stat.) and its underlying felony,[4] applied the Mahaun principle and held that a conviction of the firearms offense “must stand or fall” with its underlying felony offense.[5] Then the supreme court, in Pitts *298 v. State, 425 So.2d 542 (Fla.1983), held that Mahaun should not be read to hold that the defendant had to be convicted, or found guilty, of the underlying felony in order to be convicted of the greater firearms offense, but only that he could not be convicted of the greater felony if he has been directly, or by implication, acquitted of the underlying felony.
In the meantime, the supreme court returned to the double jeopardy analysis and in State v. Hegstrom, 401 So.2d 1343 (Fla.1981), made a “single transaction rule” type analysis[6] and held, contrary to Pin-der, that a defendant could be found guilty of both felony murder and the underlying felony offense but that double jeopardy prevented a sentence (punishment) on both offenses. The supreme court in State v. Gibson, 452 So.2d 553 (Fla.1984), based on lesser included offense theory[7] and legislative intent embodied in the then section 775.021(4), Florida Statutes (1983), held that a defendant could be convicted of both the firearms offense and the underlying felony.[8] Later in State v. Enmund, 476 So.2d 165 (Fla.1985), the supreme court returned to double jeopardy analysis but expressly receded from Pinder and held that a defendant could be found guilty and sentenced on both the felony murder and the underlying felony without violating double jeopardy rights.
The supreme court continued searching for a correct analysis of the double jeopardy identity of offense problem leading to the decision in Carawan v. State, 515 So.2d 161 (Fla.1987). The supreme court, in Hall v. State, 517 So.2d 678 (Fla.1988), applied the Carawan double jeopardy identity of offense analysis to the firearms/underlying felony problem, overruled Gibson, and held, consistent with Pinder, that the conviction of a defendant for the firearms offense and the underlying offense violated the double jeopardy clause. Hall has been extensively followed[9] and of course, as recognized in Redondo,[10] by analogy the same reasoning and conclusion should apply to the felony murder/underlying felony problem. Unfortunately Carawan’s attempt to follow then current federal double jeopardy case law analysis by expressing reliance in part on “legislative intent” (the *299 “rule of lenity” as codified in section 775.-021(1), Florida Statutes) shifted emphasis away from the intent of the framers of the double jeopardy clauses of the state and federal constitutions (double jeopardy analysis) and toward a “legislative intent” analysis.
The legislature reacted to what was perceived as blame for the result of judicial decisions applying constitutional double jeopardy and in 1988 amended section 775.-021(4), Florida Statutes, to direct separate convictions and sentences for each and all statutory crimes under all circumstances with three enumerated exceptions. The three exceptions appear to be a legislative (rather than a judicial) interpretation of the scope and effect of constitutional double jeopardy limitations on convictions and punishment of multiple statutory offenses which may, substantively, be “the same offense.”
With the supreme court’s ruling in State v. Smith, 547 So.2d 613, 617 (Fla.1989) (see also Jones v. State, 569 So.2d 1234 (Fla.1990)), that by enacting Chapter 88-131 (§ 775.021(4), Fla.Stat.), Laws of Florida, the legislature overruled the judicial construction of the intent of the Florida constitutional double jeopardy clause contained in Carawan, the law is now very unclear, especially in view of the legislative exception contained in section 775.021(4)(b)3., Florida Statutes, which excepts from the declared general legislative intent of that statute, offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense. Under the logical relationship analysis, double jeopardy identity-of-offenses analysis (such as in Pinder, Carawan and Hall) (and under lesser included offense analysis), this statutory exception can easily apply to the two particular greater/lesser offenses under consideration. Furthermore, if “conduct” involved in the lesser offense is a necessary part of the greater (felony murder or weapons/firearms) offense the federal double jeopardy clause may be implicated, see Grady v. Corbin, — U.S. -, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990).
In Pray v. State, 571 So.2d 554 (Fla. 4th DCA 1990), the Fourth District Court of Appeal seems to hold, consistent with Ma-haun, that a conviction of felony murder was error when the defendant was not convicted of the underlying felony. In Graham v. State, 559 So.2d 410 (Fla. 2d DCA 1990), the Second District Court of Appeal held that a conviction of the firearms offense and of the underlying felony violated double jeopardy, citing Perez v. State, 528 So.2d 129 (Fla. 3d DCA 1988). Perez reversed a firearms conviction because the conduct in using (displaying) the firearm in the commission of a felony (conduct criminalized by section 790.07(2), Florida Statutes), was used to enhance punishment for the two underlying offenses of attempted murder and attempted robbery. Thus Perez was concerned with the “dual punishment” that results when the use of a weapon or firearm is used under section 775.087(1), Florida Statutes, to enhance punishment for the underlying felony, rather than with a double jeopardy comparison-of-the-elements (identity of offense) analysis. Perez relies on Burgess v. State, 524 So.2d 1132 (Fla. 1st DCA 1988) and McKin-non v. State, 523 So.2d 1238 (Fla. 1st DCA 1988), which rely on Hall but are also concerned with the “dual punishment” that results when the punishment for the underlying offense is enhanced under section 775.087, Florida Statutes, based on the same elements involved in the usual firearms offense.
This problem is made especially difficult by confusing and mixing the three entirely independent related analytical methods and concepts involved, i.e., (1) constitutional limitations (double jeopardy-identity of offenses analysis, and/or dual punishment concerns), (2) legislative intent and (3) the logical (dependent) relationship as well as sometimes adopting jury verdict alternative “lesser included offense” theory and single transaction rule theory. Therefore, today the question still is: what is the relationship between the dependent “greater” offenses of felony murder and the weapons/firearms offense and their respective underlying predicate “lesser” offenses and what is the net legal effect of that relationship? More particularly, when a defendant is convicted of the greater offense of either felony murder or the weapons/firearms offense (§§ 790.07(1) and (2), Fla.Stat. (1988)), *300 is the defendant’s conviction or punishment of the underlying predicate “lesser” offense, constitutionally prohibited (Pinder, Hall); constitutionally permitted (Heg-strom, Enmund); logically required (Ma-haun, Redondo, Pray); statutorily required (Pitts, Gibson, § 775.021(4), Fla. Stat.); OR logically required (Mahaun, Re-dondo, Pray) statutorily permitted (§ 775.-021(4)(b)3., Fla.Stat.) but [always (Pinder, Hall) or, at least sometimes (Grady) ] constitutionally prohibited; or what? [11]

. In analyzing the logical relationship between dependent offenses which require predicate offenses and the required predicate offense, it is easy to slip into the "lesser included offense” concept. This is hazardous to correct analysis because while the "logical relationship" of dependency is similar to, it is not the same as, the usual "lesser included offense” concept that relates to jury verdict alternatives. See Florida Rule of Criminal Procedure 3.510(b). Upon a charge of felony murder or a weapons/firearms offense, the jury cannot reject the charged offense and return a verdict finding guilt as to the underlying predicate offense, as in the usual “lesser included offense" situation. The underlying offense is often, but not necessarily, also charged in a separate count in the information or indictment charging the felony murder offense or the weapons/firearms offense, while the usual recognized lesser included offense is not also charged in the same charging document because if the jury finds guilt as to the greater charged offense, the lesser offense is recognized as having merged into the greater offense and the jury will be instructed that if the jury does not find guilt as to the greater charged offense, it should then consider the guilt of the accused as to the lesser included offense.

. Double jeopardy analysis may center on a comparison of the elements of the two offenses but cases sometimes focus on that aspect of double jeopardy (or of "legislative intent”), which prohibits "dual punishment” for the two offenses which are substantively "the same offense" or for some common element of two offenses, such as the use of a weapon or firearm.

. This court followed Finder in Snowdon v. State, 449 So.2d 332 (Fla. 5th DCA 1984). See also Enriquez v. State, 449 So.2d 845 (Fla. 3d DCA 1984).

. This analogy is easier comprehended when the felony murder offense and the firearms/weapons offense is seen as each composed of three similar groupings of elements: as to felony murder: group 1 (an unlawful killing of a human being), group 2 (a variable group of elements composed of all of the constituent elements of the particular underlying or predicate felony offense alleged) and group 3 (the elements required to connect group one (the killing) with group two (the underlying offense), i.e., that the killing occurred during the commission (perpetration) or attempt to commit, the underlying predicate offense. As to the firearms offense: group 1 (a weapon or firearm) group 2 (a variable group of elements composed of all of the constituent elements of the particular underlying predicate felony offense alleged) and group 3 (the elements required to connect the weapon or firearm (group 1) to the underlying offense (group 2), i.e., the "display, use threat or attempted use of the weapon or firearm (or the carrying of the weapon or firearm while concealed) while committing the underlying predicate offense.

.Any analysis of the relationship between felony murder and its underlying felony is further greatly complicated by the fact that felony murder is a degree crime [of homicide] and the underlying predicate felony need only be an attempt crime. See Florida Rules of Criminal Procedure 3.490 and 3.510. For a consideration of how these factors complicate analysis, see the separate opinion in O’Brien v. State, 454 So.2d 675, 677 (Fla. 5th DCA 1984), rev. denied, 461 So.2d 116 (Fla.1984). Because the felony murder offense is generally subject to greater punishment than the predicate underlying offense, it is relatively easy to conceive of felony murder as being "greater” than any underlying offense, but to the contrary, the analysis of the weapons/firearms offense is complicated because that offense is commonly conceived, and thought of, as only ancillary to the underlying offense which is often subject by statute to punishment greater than the punishment for the firearms offense. Of course, for substantive analytical comparison purposes the relative statutory punishment for any two offenses is an *298 immaterial factor. See note 1 to the separate opinion in Smith v. State, 548 So.2d 755, 758 (Fla. 5th DCA 1989). See also Burgess v. State, 524 So.2d 1132 (Fla. 1st DCA 1988) which concluded that the usual firearms offense (§ 790.-07(2), Fla. Stat.) was a lesser offense of the underlying offense when the underlying felony was attempted first-degree murder (as enhanced and reclassified under section 775.082, by use of a weapon or firearm). But see Gidden v. State, 573 So.2d 153 (Fla. 3d DCA 1991); Boutwell v. State, 563 So.2d 798 (Fla. 1st DCA 1990); Cleveland v. State, 574 So.2d 289 (Fla. 5th DCA 1991), all of which did not consider the fact that all of the varying elements of the underlying offense, whatever they are, could be considered but one composite group element of the firearms offense, thus finding the two offenses had no elements in common. Another but similar analytical identity of offense problem is involved when the defendant is charged with a firearms offense and the elements of the underlying offense itself, such as armed robbery, requires the use of a weapon or firearm. In such a case each offense appears to include all of the elements of the other, either directly or indirectly, by adoption of all the elements of the required underlying felony offense.

.The single transaction rule itself had been abolished by Ch. 76-66 Laws of Florida which added the original subsection 4 to section 775.-021, Florida Statutes, which subsection was subsequently rewritten in 1983 (Ch. 83-156 Laws of Florida) and 1988 (Ch. 88-131 Laws of Florida).

. See footnote 1.

. Peculiarly in footnote 6 to Gibson, the court opined that the 1983 amendment to section 775.-021(4) had the effect of ratifying the holding in Pinder and Hegstrom that felony murder and the underlying felony were “the same offense" within the constitutional double jeopardy prohibition.

. Hancock v. State, 559 So.2d 1307 (Fla. 5th DCA 1990); Kelly v. State, 552 So.2d 1140 (Fla. 5th DCA 1989); Kelly v. State, 552 So.2d 206 (Fla. 5th DCA 1989); Curry v. State, 539 So.2d 573 (Fla. 5th DCA 1989); Brown v. State, 538 So.2d 116 (Fla. 5th DCA 1989), rev. denied, 545 So.2d 1366 (Fla.1989); Crayton v. State, 536 So.2d 399 (Fla. 5th DCA 1989); Willingham v. State, 535 So.2d 718 (Fla. 5th DCA 1989); Neal v. State, 527 So.2d 966 (Fla. 5th DCA 1988); Cardwell v. State, 525 So.2d 1025 (Fla. 5th DCA 1988); and Wright v. State, 519 So.2d 1157 (Fla. 5th DCA 1988), and the 61 cases from other District Courts of Appeal cited in the separate opinion in Smith v. State, 548 So.2d 755, 758 (Fla. 5th DCA 1989).

. But not recognized in footnote 6 to Gibson.

. The logical dependent relationship and due process requires that in the trial of the dependent greater offense the jury make a specific finding as to the elements of the required predicate offense (Mahaun, Redondo); therefore, the elements of the predicate offense must be alleged and proved whether or not section 775.-021(4) is held to require conviction and punishment for the underlying predicate offense or whether these dependent offenses and their predicate offenses is held to be within the exception in section 775.021(4)(b)3., Florida Statutes. If, upon a proper analysis it is judicially determined that constitutional double jeopardy prohibits conviction and punishment for the felony murder offense and its underlying predicate offense (Pinder) and for the weapons/firearms offense and its underlying predicate offense (Hall), perhaps the best solution might be to require the document charging the dependent greater offense to allege all of the elements of the relevant underlying offense as a part of the allegation of the greater dependent offense and then procedurally handle the relationship in the same manner as the usual lesser included offense procedure, permitting a conviction only of the greater or the lesser offense, but not both. Because felony murder is a degree crime of homicide, this would require some adjustment to case law and procedural rules. The legislature could easily eliminate the entire weapons/firearms offense problem and the legal problems it has unnecessarily caused in literally thousands of cases. Section 775.087, Florida Statutes, presently provides for enhanced punishment in some cases where a weapon or firearm is used. The separate weapons/firearms offense statute, Section 790.07, Florida Statutes, should be repealed and the use of a weapon or firearm should be eliminated as an enhancement element in all offenses (this does not include offenses where the weapon or firearm is the crux of the offense, as in the offense of carrying a concealed weapon and possession of a firearm by a convicted felon and certain other offenses in Chapter 790) and Section 775.087 should be amended and expanded to provide enhanced punishment, as the legislature may desire, when a weapon or firearm is used in connection with the commission of any offense. This would result in increased punishment for the criminal use of a weapon or firearm but reduce or eliminate the unnecessary charging and trial of multiple offenses and the resulting legal problems involving questions as to legislative intent and constitutional double jeopardy. The use of a weapon or firearm in the commission of any offense could also be added as a scoring factor on all sentencing guidelines scoresheets to accomplish the same purpose.