590 So.2d 496 (1991)
Kern Ron DAVIS, Appellant,
v.
The STATE of Florida, Appellee.
No. 90-2443.
District Court of Appeal of Florida, Third District.
December 3, 1991.
Bennett H. Brummer, Public Defender, and Jon K. Stage, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Katherine B. Johnson, Asst. Atty. Gen., for appellee.
Before BARKDULL, HUBBART and NESBITT, JJ.
PER CURIAM.
The defendant Kern Ron Davis appeals from judgments of conviction and sentences for (1) armed robbery and (2) possession of a firearm during the commission of a felony, which were entered below based on an adverse jury verdict. Upon the state's confession of error, which we accept as well founded, we reverse the final judgment of conviction and sentence for possession of a firearm during the commission of a felony as it is barred by the doctrine of double jeopardy based on the controlling authority of Cleveland v. State, 587 So.2d 1145 (Fla. 1991); see also Hall v. State, 517 So.2d 678 (Fla. 1988). This result, which is compelled by Cleveland, necessarily means that our prior contrary decisions in State v. Hanna, 576 So.2d 410 (Fla. 3d DCA 1991) and Dukes v. State, 1991 WL 188026 (Fla. 3d DCA 1991) (case no. 89-3009, opinion filed September 24, *497 1991) [16 F.L.W. D2495] no longer represent the law.
As to the armed robbery conviction, the defendant's sole point on appeal is that the prosecuting attorney made three brief, allegedly improper arguments to the jury, which the defendant urges require a new trial. Without dispute, this point has not been preserved for appellate review by proper objection or motion for mistrial and therefore cannot present reversible error, absent a showing of a fundamental error. See Nixon v. State, 572 So.2d 1336, 1341 (Fla. 1990), cert. denied, ___ U.S. ___, 112 S.Ct. 164, 116 L.Ed.2d 128 (1991); State v. Cumbie, 380 So.2d 1031 (Fla. 1980); Deliford v. State, 505 So.2d 523, 524 (Fla. 3d DCA 1987).
We agree that (a) the combined effect of the first two of the complained-of arguments were sufficiently improper, and (b) the evidence at trial was otherwise sharply in conflict as to whether a robbery or petit theft was committed by the defendant, that reversible error would have been presented if, unlike this case, (a) the defendant had properly objected to these two arguments or moved for a mistrial based thereon, and (b) the trial court had overruled the objection or denied the motion for mistrial. We cannot say, however, that these arguments were so egregious and, more importantly, so prolonged and repeated that such comments went to the foundations of the case or the merits of the cause of action so as to constitute the relatively rare showing of a fundamental error which, when established, obviates the necessity for a proper objection or motion for mistrial. Moreover, we conclude that the third complained-of argument was based on the evidence, was otherwise entirely proper, and, consequently, presents no fundamental error whatever. See Clark v. State, 363 So.2d 331 (Fla. 1978); Sanford v. Rubin, 237 So.2d 134 (Fla. 1970); State v. Jones, 204 So.2d 515 (Fla. 1967); Porter v. State, 356 So.2d 1268 (Fla. 3d DCA 1978); cf. Pait v. State, 112 So.2d 380 (Fla. 1959); Ryan v. State, 457 So.2d 1084 (Fla. 4th DCA 1984), rev. denied, 462 So.2d 1108 (Fla. 1984); Peterson v. State, 376 So.2d 1230 (Fla. 4th DCA 1979), cert. denied, 386 So.2d 642 (Fla. 1980).
Given the failure of the defendant to properly preserve the point urged herein for appellate review and the further failure to establish that the error complained of was fundamental in nature, the final judgment of conviction and sentence for armed robbery is affirmed. As previously stated, however, the final judgment of conviction and sentence for possession of a firearm during the commission of a felony is reversed and the defendant is discharged therefrom.
Affirmed in part; reversed in part.