667 So.2d 427 (1996)
Alice J. WANNER, Appellant,
v.
STATE of Florida, Appellee.
No. 95-05216.
District Court of Appeal of Florida, Second District.
January 24, 1996.
PER CURIAM.
The appellant, Alice Wanner, challenges the trial court's partial denial of her motion for postconviction relief. Because we conclude that the trial court erred in declining to resentence appellant after it vacated certain criminal convictions, we reverse and remand for resentencing with a corrected guidelines sentencing scoresheet.
The appellant pleaded nolo contendere to one count of organized fraud[1] and to multiple counts of various degrees of grand theft[2] and was sentenced to varying concurrent terms of incarceration followed by probation. She did not appeal. Within two years of her sentencing, however, appellant filed a sworn motion for postconviction relief pursuant to Florida Rules of Criminal Procedure 3.800 and 3.850 contending that the judgments and sentences imposed for both organized fraud and grand theft violated her constitutional right to be free from double jeopardy.[3] She relied on our decision in Cherry v. State, 592 So.2d 292 (Fla. 2d DCA 1991), as well as the decision in Donovan v. State, 572 So.2d 522 (Fla. 5th DCA 1990), to support her double jeopardy contention.
The trial court agreed with appellant's argument and vacated her grand theft convictions and sentences.[4] It declined, however, to resentence her for organized fraud because to do so would produce an "absurd result." The trial court ruled, therefore, that the grand theft offenses could properly be factored into the appellant's guidelines scoresheet calculation so that her punishment would be commensurate with the nature and extent of her criminal activities.
Although we are sympathetic to the predicament faced by the trial court in having to vacate appellant's judgments and sentences for grand theft well after she pleaded nolo contendere, we must conclude that it erred in not resentencing her for organized fraud. Once it vacated the grand theft convictions, the trial court was precluded from scoring these offenses as convictions for purposes of the sentencing guidelines. See Grant v. State, 639 So.2d 1100 (Fla. 2d DCA 1994) (absent actual convictions, charges cannot be scored on sentencing guidelines scoresheet). *428 Furthermore, because the scoresheet used at sentencing is not part of the record, we are unable to determine whether the sentence imposed for organized fraud would still fall within the recommended sentencing range if the grand theft offenses are deleted.
Accordingly, we reverse that part of the trial court's order declining to resentence appellant for organized fraud and remand with directions that she be resentenced using a corrected scoresheet which does not take into account the grand theft offenses vacated by the trial court.
Reversed and remanded for resentencing with directions.
DANAHY, A.C.J., and PATTERSON and LAZZARA, JJ., concur.
NOTES
[1] § 817.034(4)(a)1., Fla. Stat. (1991).
[2] § 812.014(2)(a)(b)(c), Fla. Stat. (1991).
[3] Such a double jeopardy claim is more appropriately brought under rule 3.850 rather than rule 3.800. See Plowman v. State, 586 So.2d 454 (Fla. 2d DCA 1991).
[4] The record does not reflect that the state appealed this aspect of the trial court's order.