PER CURIAM.
Stephen Damon challenges the trial court’s denial of his double jeopardy claim filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse.
In a concise motion and memorandum, Damon explained that he was convicted after a jury trial of second-degree murder, enhanced by the use of a firearm, and a firearm possession offense, both crimes carried out in the same criminal episode. Damon asserts that these convictions and resulting sentences are prohibited by State v. Brown, 633 So.2d 1059 (Fla.1994), and State v. Stearns, 645 So.2d 417 (Fla.1994). The trial court apparently rejected the reasoning of these cases and instead relied upon State v. Hanna, 576 So.2d 410 (Fla. 3d DCA 1991), which the Third District specifically acknowledged the same year that it was issued “no longer represents the law.” Davis v. State, 590 So.2d 496, 497 (Fla. 3d DCA 1991).
The double jeopardy claim Damon raises is cognizable in a rule 3.850 collateral proceeding. See Wanner v. State, 667 So.2d 427 (Fla. 2d DCA 1996). We reverse and direct the trial court to reconsider Damon’s motion in light of Steams and its progeny, including Gaber v. State, 684 So.2d 189 (Fla.1996), and M.P. v. State, 682 So.2d 79 (Fla.1996), which may suggest different results dependent upon whether Damon’s firearm conviction arose from violating section 790.01(2) or 790.07(2), Florida Statutes (1993).
Reversed.
THREADGILL, A.C.J., and' ALTENBERND and QUINCE, JJ., concur.