THOMAS, J.
Appellant seeks review of the trial court’s denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In the motion, Appellant raised eight claims for relief. The trial court granted an evidentiary hearing as to claims one, two, and three, and summarily denied the remaining claims. Because the trial court improperly summarily denied claim five based on double jeopardy, we reverse and remand for further proceedings. We affirm the trial court’s order as to the remaining claims without further comment.
Appellant was convicted by a jury of one count of first-degree murder, one count of armed home invasion robbery, one count of armed burglary of a dwelling, and one count of conspiracy to commit armed robbery. He was sentenced to life imprisonment on counts I — III and 25 years’ imprisonment on count IV. On September 6, 2007, Appellant filed a motion for postcon-viction relief pursuant to Florida Rule of Criminal Procedure 3.850.
In claim five of his motion, Appellant alleged that he is entitled to post-conviction relief because his convictions for armed home invasion robbery and armed burglary of a dwelling violate the principles of double jeopardy. The trial court determined that double jeopardy claims are not cognizable in motions for postcon-viction relief filed pursuant to Florida Rule of Criminal Procedure 3.850 and summarily denied the claim. This determination was improper, as double jeopardy claims are cognizable in rule 3.850 motions. See State v. Williams, 854 So.2d 215, 217 (Fla. 1st DCA 2003); Rudolf v. State, 851 So.2d 839, 842 (Fla. 2d DCA 2003); Damon v. State, 718 So.2d 305 (Fla. 2d DCA 1998). Further, at least one district court has held that dual convictions for armed home invasion robbery and armed burglary violate the principles of double jeopardy. See Perez v. State, 951 So.2d 859 (Fla. 2d DCA 2006); see generally Valdes v. State, 3 So.3d 1067 (Fla.2009) (discussing the prevailing standards for addressing allegations of double jeopardy violations).
As such, where the trial court improperly summarily denied Appellant’s double jeopardy claim, we reverse and remand.
AFFIRMED in part, REVERSED in part, and REMANDED for proceedings consistent with this opinion.
WEBSTER and VAN NORTWICK, JJ., concur.