PER CURIAM.
Defendant-appellant was informed against for (1) rape and (2) breaking and entering with the intent to commit a felony, to wit: rape. Subsequently, appellant was tried by jury, found guilty of (1) rape and (2) breaking and entering with the intent to commit a misdemeanor, and sentenced to life imprisonment.
Appellant first contends that the trial ■court erred in denying defense counsel’s motion for judgment of acquittal because there was no competent substantial evidence to prove that the defendant committed the crime charged. Wé disagree.
After a careful examination of the record on appeal in light of the controlling principles of law, we conclude that there was competent substantial evidence contained therein to sustain the verdict. See Crum v. State, Fla.App. 1965, 172 So.2d 24. Thus, we find that defendant’s argument hereunder as to the fingerprint evidence is without merit.
Defendant secondly contends that he was denied his right to be free from being placed twice in jeopardy as guaranteed by the Ffith and Fourteenth Amendments of the U. S. Constitution and Article I, Section 9 of the Florida Constitution.
The first time this defense has been raised by the appellant is on appeal and so *156 the failure of appellant to raise the issue of double jeopardy in the trial constitutes a waiver of that defense. RCrP 3.190, 33 F.S.A., and Bell v. State, Fla.App. 1972, 262 So.2d 244 at 245 and cases cited therein.
Accordingly, the judgment and sentence herein appealed are affirmed.
Affirmed.