458 So.2d 88 (1984)
Sylvester MORMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 84-331.
District Court of Appeal of Florida, Fifth District.
November 1, 1984.
Sylvester Morman, pro se.
No appearance for appellee.
SHARP, Judge.
We affirm the trial court's denial of Morman's motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850 because the result is correct, although the basis given for the denial is erroneous. Morman's pro se rule 3.850 motion alleged he was convicted of robbery (Count I) and also of being an accessory after the fact of the same robbery (Count II). He argues it was a violation of his double jeopardy rights, U.S. Const. amends. V & XIV; Fla. Const. art. I, § 9, to be convicted of both crimes, and that his attorney who failed to advise him of these rights prior to his entering a guilty plea to both crimes, was incompetent. Chapman v. State, 389 So.2d 1065 (Fla. 5th DCA 1980).
However, we do not think double jeopardy is involved in this context. An accessory after the fact contains a completely different bundle of elements than the crime of robbery. Section 777.03, Florida Statutes (1983), provides:
Whoever, not standing in the relation of husband or wife, parent or grandparent, child or grandchild, brother or sister, by consanguinity or affinity to the offender, *89 maintains or assists the principal or accessory before the fact, or gives the offender any other aid, knowing that he had committed a felony or been accessory thereto before the fact, with intent that he shall avoid or escape detection, arrest, trial or punishment, shall be deemed an accessory after the fact, and shall be guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
To commit such a crime it must be proved that the defendant aided or assisted another person to commit a crime, or to escape detection, arrest, trial or punishment. Clearly a person cannot aid and abet himself to commit a crime. Conviction for such a fact situation would be a violation of due process because it would be a non-existent crime. State v. Sykes, 434 So.2d 325 (Fla. 1983).
However, Morman's allegations in this case and the records furnished to us are insufficient to raise this issue because we cannot ascertain whether there was more than one robber or principal involved in his criminal activity. Conceivably if there were two robbers, and if Morman later aided his co-robber to avoid or escape detection, he could be convicted for both robbery and for being an accessory after the fact. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); State v. Gibson, 452 So.2d 553 (Fla. 1984).
Our affirmance in this case is without prejudice to Morman to file another rule 3.850 motion properly raising the due process issue, if it is applicable.
AFFIRMED.
DAUKSCH, J., concurs.
COWART, J., dissents with opinion.
COWART, Judge, dissenting:
This is an appeal from an order denying a motion for post conviction relief under Florida Rule of Criminal Procedure 3.850 entered without an evidentiary hearing and without attaching to the order any files and records from which it can be conclusively determined that the petitioner is entitled to no relief. Under this rule this action is proper only when such denial is predicated on the legal insufficiency of the motion on its face.
While inartfully drawn, Morman's pro se 3.850 motion alleges that he was convicted of the offense of robbery (count one) and also, in count two of the same information, of Accessory after the Fact of the same robbery. He contends that he cannot be both principal and accessory as to one and the same offense. If, as asserted, counts one and two did in fact relate to the same offense, then Morman's contention is correct because a principal in the commission of a crime cannot also be guilty of being an accessory to the same crime by aiding himself or his co-perpetrator to avoid or escape detection or arrest.[1] However the record on this appeal is insufficient to determine whether both convictions in fact relate to the same offense. The order of the trial court denying Morman's 3.850 motion without a hearing does not attach the original charging document or other files and records in the case from which it can be conclusively determined that Morman's assertion is incorrect and that he is entitled to no relief. In fact the order denying relief implies that Morman's assertion is correct in that it states that the defense of former jeopardy was waived by the entry of a plea of guilty, citing Johnson v. State, 299 So.2d 155 (Fla. 3d DCA 1974). However, Morman's 3.850 motion alleges that he pled guilty "ill-advised" of his double jeopardy rights and of the effect of his plea of guilty as to those rights and requests that he be *90 allowed to withdraw his guilty plea. Although he does not use the magic words "ineffective assistance of counsel," that is the substance of his claim, and in view of the lack of a record showing sufficient to negate his assertion and claim he should have an evidentiary hearing.
The majority opinion states that the allegations in Morman's 3.850 motion were insufficient to raise the due process issue of whether Morman could be convicted of both robbery and accessory after the fact of the same robbery. The majority opinion then addresses that question and holds as a matter of law that, if Morman was one of two robbers, by aiding his co-robber to avoid or escape detection or arrest Morman could be convicted of robbery and accessory after the fact of the same robbery. The majority opinion then affirms the denial of an evidentiary hearing without prejudice to Morman raising the due process issue in a subsequent 3.850 motion. I do not agree with this holding but even under it, under Rule 3.850 Morman would be entitled to an evidentiary hearing in this case (and this case should be reversed and remanded for that purpose) unless the files and records which are required to be attached to every order denying an evidentiary hearing, show that Morman was convicted as an accessory by aiding a co-robber to avoid or escape detection or arrest. They do not.
This case should be reversed and the trial court directed to either attach files and records refuting Morman's assertion that his conviction as accessory after the fact related to the same crime for which he was convicted as a principal, to hold an evidentiary hearing, or to vacate his conviction as accessory after the fact.[2]
NOTES
[1] See generally 1 Wharton's Criminal Law § 33 at 171 (14th Ed. 1978). "Since an accessory after the fact renders aid to a felon after the underlying felony has been completed, he cannot be regarded as having caused the felony to be committed. Nevertheless, the accessory after the fact is regarded by the common law as a party to the underlying felony, even though it is obviously impossible for his mens rea to be the same as that of the felon whom he aids." Id.
[2] Cases are legion which hold that where a 3.850 motion is not insufficient on its face, and the trial judge has not attached relevant portions of the case file or record conclusively showing that the prisoner is entitled to no relief, the matter will be remanded for the trial court to either attach the appropriate portions of the record or to conduct an evidentiary hearing. See, e.g., Williams v. State, 447 So.2d 442 (Fla. 5th DCA 1984); McMillian v. State, 411 So.2d 1372 (Fla. 5th DCA 1982); Brown v. State, 409 So.2d 129 (Fla. 5th DCA 1982); Van Bever v. State, 405 So.2d 474 (Fla. 5th DCA 1981); Wade v. State, 402 So.2d 534 (Fla. 5th DCA 1981); Benton v. State, 401 So.2d 1114 (Fla. 5th DCA 1981); Stephens v. State, 399 So.2d 1106 (Fla. 5th DCA 1981); Young v. State, 397 So.2d 1159 (Fla. 5th DCA 1981); Brown v. State, 390 So.2d 447 (Fla. 5th DCA 1980); Battle v. State, 388 So.2d 1323 (Fla. 5th DCA 1980).