PER CURIAM.
The petitioner seeks habeas corpus relief based on a claim that his appellate counsel was ineffective.
*296 The petitioner was convicted of four offenses including (Count 4) attempted kidnapping (§§ 787.01, 777.04, Fla.Stat.) and (Count 1) first degree felony murder (§ 782.04, Fla.Stat.) based on the underlying felony of attempted kidnapping. On appeal this court affirmed all convictions except that of attempted kidnapping which conviction was reversed because the trial court erred in refusing to instruct the jury on attempted false imprisonment as a necessary lesser included offense of attempted kidnapping. Simmons v. State, 541 So.2d 1212 (Fla. 5th DCA 1989), rev. denied, 548 So.2d 663 (Fla.1989). In this petition for Writ of Habeas Corpus, the petitioner makes somewhat contradictory statements to the effect that on remand from his prior appeal, the State entered a nolle prosequi on the attempted kidnapping charge and also seemingly claims that the attempted kidnapping charge is still pending. In any event the petitioner alleges that the original trial judge committed fundamental error in failing to properly instruct the jury as to the relationship between the first degree felony murder charge and the underlying felony kidnapping charge. We deny the Petition for Writ of Habeas Corpus because it appears that the allegations of ineffective assistance of appellate counsel are here being used to reargue the original jury instruction relating to the first degree felony murder charge and that this habeas corpus petition is merely a vehicle to obtain a second review. See Swafford v. Dugger, 569 So.2d 1264 (Fla.1990) and Right v. Dugger, 574 So.2d 1066 (Fla.1990).
However, we deny the petition in this case without prejudice to the petitioner to seek relief under Florida Rule of Criminal Procedure 3.850 or otherwise, if he has been acquitted on the underlying felony of attempted kidnapping because that event was not involved in the prior appeal.
PETITION DENIED.
GRIFFIN, J., concurs.
COWART, J., concurs specially with opinion.
DAUKSCH, J., concurs in result only.