584 So.2d 195 (1991)
Thomas Edward DIXON, a/k/a Alvin Lester Cottrell, Appellant,
v.
STATE of Florida, Appellee.
No. 90-2503.
District Court of Appeal of Florida, Fifth District.
August 15, 1991.
*196 James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Bonnie Jean Parrish, Asst. Atty. Gen., Daytona Beach, for appellee.
DIAMANTIS, Judge.
In this case appellant, Thomas Edward Dixon a/k/a Alvin Lester Cottrell, raises a double jeopardy[1] challenge to his prosecution for organized fraud.[2] Appellant had previously been convicted of dealing in stolen property.[3] Because we conclude that the subsequent organized fraud prosecution is barred by the double jeopardy clause, we reverse appellant's organized fraud conviction, vacate his sentence, and remand with directions that he be discharged as to that offense.
Appellant entered a plea of nolo contendere to the organized fraud charge and reserved the right to appeal the trial court's rejection of his contention that his prosecution on this offense violated double jeopardy. There is no dispute that this contention is dispositive. Not only is this contention dispositive, but the right not to be twice placed in jeopardy is "fundamental". State v. Johnson, 483 So.2d 420 (Fla. 1986).
At the nolo contendere plea hearing the prosecutor candidly conceded:
[t]hat dealing in stolen property, that act of that, which I have charged him with organized fraud, is the same exact dealing in stolen property.
The prosecutor also conceded that "it relates to the same transaction".
Based upon the prosecutor's concessions[4] we must reverse the appellant's conviction for organized fraud on the binding and controlling authority of Grady v. Corbin, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). In Grady, the Supreme Court held that
the [d]ouble [j]eopardy clause bars any subsequent prosecution in cases in which the government, to establish an essential element of an offense charged in the prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted.
Grady, 110 S.Ct. at 2093. The court further stated that "[t]he critical inquiry is what conduct the State will prove." Id.
By way of a caveat we point out that the state could have prosecuted appellant for both dealing in stolen property and organized fraud in a single proceeding, thereby avoiding the double jeopardy snare. Grady, 110 S.Ct. at 2095.
Conviction REVERSED; sentence VACATED; cause REMANDED with direction that appellant be discharged as to the offense of organized fraud.
COBB and W. SHARP, JJ., concur.
NOTES
[1] U.S. Const. amend. V.
[2] § 817.034(4)(a)2, Fla. Stat. (1989).
[3] § 812.019(1), Fla. Stat. (1989).
[4] See Freeman v. State, 450 So.2d 301, 303 (Fla. 5th DCA 1984).