601 So.2d 1253 (1992)
Steven Edward WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 91-681.
District Court of Appeal of Florida, Fifth District.
June 26, 1992.
*1254 James B. Gibson, Public Defender, and Darrell L. Brock, Special Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Rebecca R. Wall, Asst. Atty. Gen., Daytona Beach, for appellee.
DIAMANTIS, Judge.

ON MOTION FOR REHEARING AND/OR CLARIFICATION
We withdraw the previous opinion and issue the following in its stead.
Appellant Steven Edward Williams appeals the judgment and sentence entered on his pleas of nolo contendere to first degree murder and armed robbery following the denial of his motion to dismiss those charges on double jeopardy grounds. Appellant also appeals the guidelines departure sentence he received following his plea of guilty to battery in a county jail facility. We affirm the trial court's denial of appellant's motion to dismiss and the departure sentence.
In the late evening of December 2, 1989 or in the early morning of December 3, 1989 a convenience store in Daytona Beach was robbed and the store clerk was murdered. Detective Francis J. Allman of the Daytona Beach Police Department conducted an investigation during which he learned that appellant was a former employee of the store and had been seen around the convenience store before it closed on December 2. Allman located appellant in Marion, Kentucky and had Kentucky officials arrest him on an unrelated capias. Kentucky law enforcement officers recovered a.38 caliber "Llama" revolver from appellant's residence, which revolver was later identified as the murder weapon in this case.
Allman went to Kentucky and interviewed appellant. Appellant initially denied any involvement in the homicide but later recanted. He told Allman that he was staying at a hotel in Daytona Beach and met up with a man named Luis Vargas. Appellant stated that Vargas became interested in appellant's .38 caliber Llama revolver and purchased it from appellant, who then drove Vargas to an area near the crime scene and dropped him off, at which time appellant returned to his hotel. Appellant told Allman that Vargas later returned to the hotel and stated that the gun was now "very hot" because he had shot someone and stolen money. According to appellant, Vargas paid appellant to take the gun back and, after doing so, appellant became scared, checked out of the hotel and returned to Kentucky.
Appellant was subsequently charged with the offense of accessory after the fact to armed robbery[1] and extradited to Florida in March of 1990. On April 24, 1990 appellant entered a plea of guilty to the crime of accessory after the fact to armed robbery which plea was accepted with the condition of a six month prison cap. A presentence investigation was ordered.
On May 24, 1990 Detective Allman executed a sworn complaint affidavit alleging appellant committed the murder of the convenience store clerk. The state then filed a motion to vacate and set aside appellant's plea to the offense of accessory after the fact, alleging appellant had committed a fraud on the court by denying his involvement in the homicide and that the state believed appellant was not guilty of the offense of accessory after the fact. At a hearing on that motion, defense counsel indicated that he had no problem with vacating the plea and saw no double jeopardy problem, noting that the state had uncovered *1255 after-the-fact evidence. The trial court vacated the plea at the request of defense counsel[2] and the state entered a nolle prosequi on that charge.
Subsequently, appellant was indicted for first degree murder[3] and armed robbery.[4] Appellant was then appointed other counsel who filed a motion to dismiss the indictment on double jeopardy grounds. After the trial court denied the motion to dismiss, appellant entered a plea of nolo contendere to the indictment, reserving his right to appeal the denial of his motion to dismiss. Appellant was later charged with the second degree felony of battery in a county jail facility[5] to which he entered a plea of guilty.
Appellant first argues that the trial court erred in denying his motion to dismiss the murder and armed robbery indictment on double jeopardy grounds. This argument is without merit.
The double jeopardy clause bars any subsequent prosecution in cases in which the government, to establish an essential element of an offense charged in the prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted. Grady v. Corbin, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). See also Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932); State v. Gibson, 452 So.2d 553, 556-57 (Fla. 1984). This is not an "actual evidence" or "same evidence" test; but instead, the critical inquiry is what conduct the state will prove. Grady, 110 S.Ct. at 2093. Cf. State v. Johnson, 483 So.2d 420 (Fla. 1986).[6]
In the instant case the conduct of appellant which establishes the offense of accessory after the fact[7] is entirely different from his conduct to establish the armed robbery[8] and the murder which occurred during the armed robbery.[9] Although some or all of the evidence may show conduct that constitutes the crimes of armed robbery, murder, and accessory after the fact, appellant's conduct in acting as an *1256 accessory after the fact in no way constitutes an element of either armed robbery or murder. See Dixon v. State, 584 So.2d 195 (Fla. 5th DCA 1991). Because the state need not prove conduct that constitutes the offense of accessory after the fact in order to establish an essential element of armed robbery or murder, double jeopardy does not bar appellant's prosecution for armed robbery or murder.
We note that it would not violate appellant's double jeopardy rights to be convicted of robbery and murder, as well as being an accessory after the fact of the same robbery, if appellant took part in the robbery and murder and later assisted Vargas to avoid or escape detection for the robbery. Staten v. State, 519 So.2d 622, 625 (Fla. 1988); Morman v. State, 458 So.2d 88 (Fla. 5th DCA 1984). Conviction as a principal and as an accessory after the fact for the same crime does not raise double jeopardy concerns, although under statutory interpretation a principal cannot be an accessory after the fact. Staten, 519 So.2d at 625. Thus, if appellant aided Vargas in avoiding or escaping detection, the vacating of his plea for the offense of accessory after the fact resulted in appellant not being convicted for this conduct. Further, if appellant was the sole perpetrator of the robbery and murder, convictions for both robbery and accessory after the fact of robbery would violate due process because one cannot aid and abet himself to commit a crime: aiding and abetting oneself is a nonexistent crime. Morman, 458 So.2d at 89.[10] In such a situation the court would be required to set aside the conviction for accessory after the fact (the relief which was granted in this case). See Jackson v. State, 543 So.2d 416 (Fla. 5th DCA 1989).
Appellant also contends that his counsel had no authority to move the trial court to vacate his initial plea to the offense of accessory after the fact. We need not reach this issue in light of the discussion above.
We reject appellant's assertion that the trial court erred in departing from the sentencing guidelines for the offense of battery in a county jail facility based upon his murder conviction. At sentencing the scoresheet reflected a permitted sentence of 2 1/2 to 5 1/2 years imprisonment for the armed robbery and battery offenses, respectively. The trial court departed from the sentencing guidelines in sentencing defendant to 15 years imprisonment on each offense. These sentences were ordered to run concurrent with the sentence of life imprisonment with a 25-year minimum mandatory which was imposed for the murder offense. The trial court stated as its reason for departure the unscored murder conviction.
A trial court is authorized to depart from the guidelines in sentencing for a non-capital offense based upon an unscored capital offense. See Livingston v. State, 565 So.2d 1288 (Fla. 1988); Hansbrough v. State, 509 So.2d 1081 (Fla. 1987); Jones v. State, 571 So.2d 56 (Fla. 2d DCA 1990), rev. denied, 581 So.2d 165 (Fla. 1991). Appellant asserts that such a departure sentence is authorized only where the capital and non-capital offenses are related, as in both Livingston and Hansbrough. However, neither Livingston nor Hansbrough require that capital and non-capital offenses be related in order to base a departure sentence for the non-capital offense upon the unscored capital offense. Further, it is well established law in Florida that unscored convictions (including extensive juvenile convictions and convictions for offenses committed subsequent to the offense being sentenced) can provide a valid basis for departure. See Puffinberger v. State, 581 So.2d 897 (Fla. 1991); Wichael v. State, 567 So.2d 549 (Fla. 5th DCA 1990); Kirby v. State, 553 So.2d 1290 (Fla. 1st DCA 1989) rev. denied, 562 So.2d 346 (Fla. 1990). Therefore, the trial court properly departed from the sentencing guidelines in sentencing appellant on both the armed robbery and the battery convictions, based upon the unscored capital offense.
*1257 Accordingly, we affirm the trial court's denial of appellant's motion to dismiss the armed robbery and murder charges and we affirm his convictions and sentences for all three offenses.
AFFIRMED.
HARRIS, J., concurs.
COWART, J., dissents, with opinion.
COWART, Judge, dissenting.
The defendant (appellant) entered a plea of guilty to accessory after the fact to armed robbery. (§§ 777.03, Fla. Stat.; 812.13(1) and (2)(a), Fla. Stat.) Thereafter the defendant's counsel agreed to the State's motion for the trial court to vacate that plea in order for, or to permit, the defendant to be charged as a principal to first degree murder (§ 782.04(1)(a)1 and/or § 777.011, Fla. Stat.) and armed robbery (§ 812.13(1) and (2)(a), Fla. Stat.); the armed robbery being the same offense to which he pled guilty of being an accessory after the fact. As the majority opinion concludes, there is no "identity of offenses" double jeopardy problem arising from the relationship between the offense of accessory after the fact and the armed robbery because the conduct in each offense, and the essential constituent elements of each offense, are entirely different. However, again as the majority opinion concludes, convictions for both robbery and accessory after the fact of the same robbery would violate due process because one cannot be convicted as an accessory after the fact as to an offense of which he is guilty as principal. This fact, however, does raise a double jeopardy issue of a different type because if the defendant's plea of guilty to the crime of accessory after the fact was effective and its acceptance placed him in jeopardy of conviction and sentencing for that offense, such conviction and sentence would bar his subsequent prosecution as a principal in the robbery itself. If the defendant had been charged with both accessory to, and principal to, the same crime and had been erroneously convicted of both in a single trial setting and post-trial relief in the trial or appellate court was being considered, then the proper remedy would be to set aside the lesser[1] offense, being the accessory offense, rather than the greater offense concerning which the State had otherwise properly proved the defendant's guilt.
However, that is not the factual scenario in this case. The defendant was not concurrently charged and convicted of mutually exclusive offenses; to the contrary, he was charged only with the accessory offense and the acceptance of his plea to that offense would bar his trial and conviction for the greater offense,[2] not because of the usual "identity of offense" double jeopardy concept, but because the two offenses are mutually exclusive in fact and substance, which means that the conviction of one offense bars prosecution for the second. Therefore, the crucial issue in this case focuses on whether the trial court had authority to vacate the defendant's earlier plea to accessory after the fact. See Reyes v. Kelly, 224 So.2d 303 (Fla. 1969), cert. denied, 397 U.S. 958, 90 S.Ct. 961, 25 L.Ed.2d 142 (1970), which illustrated and held that jeopardy attaches when a trial court accepts a plea and that such an accepted plea can constitutionally protect one from prosecution for some other offense. It is true that in Reyes the accepted plea related to a lesser degree of homicide which barred a subsequent prosecution for *1258 a greater degree of the same crime and involved not only the "identity of offense" double jeopardy problem but also the secondary double jeopardy problem relating to when and how jeopardy attaches. In sequential prosecutions of mutually exclusive offenses, as well as in prosecution of both of two offenses where convictions for both is barred by the double jeopardy "identity of offense" concept, the first prosecution bars the subsequent without regard to which is considered the more serious or the "lesser" or "greater". It is this second aspect of double jeopardy that is involved in this case.
If the defendant did not voluntarily, freely and knowingly withdraw his plea of guilty as to the accessory offense and did not knowingly, advisedly and intentionally relinquish the constitutional double jeopardy protection his plea to being an accessory afforded him against prosecution as principal for the robbery itself, his plea was improperly set aside and the acceptance of that plea barred his prosecution as principal as to the offense of armed robbery of which he was convicted. While his conviction for accessory to the robbery would bar his prosecution for that robbery, it would not necessarily bar his prosecution to the murder charge unless the defendant was convicted of felony murder with the underlying felony being the same robbery. This creates a separate and much more difficult double jeopardy problem because appellate courts with ultimate authority have not yet held that a defendant cannot be convicted of two offenses based on the same conduct[3] in the context that a defendant's conduct in committing an underlying felony resulting in a felony murder bars his conviction for both the underlying conduct and the felony murder as a separate criminal offense. See the separate opinion in Simmons v. State, 580 So.2d 295, 296 (Fla. 5th DCA 1991). Such a holding is an absolute logical extension of the rationale underlying cases holding that one cannot be convicted of a felony and, based on the same conduct constituting that felony, be convicted for a second felony, such as the use of a firearm in the commission of a felony (§ 790.07(1) and (2), Fla. Stat.). See, e.g., Cleveland v. State, 587 So.2d 1145 (Fla. 1991); Hall v. State, 517 So.2d 678 (Fla. 1988); Kelly v. State, 552 So.2d 1140 (Fla. 5th DCA 1989); Kelly v. State, 552 So.2d 206 (Fla. 5th DCA 1989), rev. denied, 563 So.2d 632 (Fla. 1990); Curry v. State, 539 So.2d 573 (Fla. 5th DCA 1989); Brown v. State, 538 So.2d 116 (Fla. 5th DCA 1989), rev. denied, 545 So.2d 1366 (Fla. 1989); Crayton v. State, 536 So.2d 399 (Fla. 5th DCA 1989); Willingham v. State, 535 So.2d 718 (Fla. 5th DCA 1989); Neal v. State, 527 So.2d 966 (Fla. 5th DCA 1988); Cardwell v. State, 525 So.2d 1025 (Fla. 5th DCA 1988); Wright v. State, 519 So.2d 1157 (Fla. 5th DCA 1988); Davis v. State, 590 So.2d 496 (Fla. 3d DCA 1991).
The conviction in this case should be reversed because the State has failed to cause the record to affirmatively demonstrate either (1) that the trial court had the necessary legal cause to set aside the defendant's plea to the accessory offense[4] or (2) that the defendant while knowing and understanding (after advice from competent, effective legal counsel[5]) his constitutional double jeopardy protection right involved, affirmatively and intentionally waived and relinquished that known right by consenting to the trial court granting the State's motion to vacate and set aside the defendant's plea to the accessory offense.
NOTES
[1] § 777.03 and § 812.13(1) and (2)(a), Fla. Stat. (1989).
[2] The colloquy between defense counsel and the trial court indicates the following:

THE COURT: You're asking me to vacate the plea and set it aside?
[DEFENSE COUNSEL]: Yes, sir.
THE COURT: Granted... .
[3] § 782.04(1)(a)1 and/or § 777.011, Fla. Stat. (1989).
[4] § 812.13(1) and (2)(a), Fla. Stat. (1989).
[5] § 951.075, Fla. Stat. (1989).
[6] The ruling in State v. Johnson, 483 So.2d 420 (Fla. 1986) is not contrary to the ruling in Grady v. Corbin, supra. In Johnson the defendant was initially charged with aggravated battery, a felony, and three related misdemeanors: reckless or negligent operation of a vessel, operation of a vessel while under the influence of intoxicating liquor, and failure to render assistance after a collision or accident. Pursuant to an unconditional plea, Johnson pled nolo contendere to the offenses of culpable negligence with injury, which is a lesser included misdemeanor to the offense of aggravated battery, and to two of the three related misdemeanors. Because fraudulent statements were made by Johnson at his plea hearing, the trial court later set aside the plea and reinstated the original charges. Johnson was convicted of those charges. The supreme court vacated Johnson's convictions, ruling that the prohibition against double jeopardy barred the trial court from reinstating the original charges because the conduct involved in the reinstated charges was the same conduct involved in the lesser misdemeanor charge and the two other related misdemeanors to which Johnson had earlier pled nolo contendere.
[7] Appellant's conduct which pertained to the offense of accessory after the fact consisted of assisting Luis Vargas in committing armed robbery by taking the gun out of the state with the intent that Luis Vargas escape detection, arrest, trial or punishment.
[8] Appellant's conduct which related to the crime of armed robbery consisted of appellant, by the use of force, violence, assault or putting in fear, taking certain property of another person with the intent to deprive that person of his rights to or from such property, and while committing such acts, carrying a handgun.
[9] Appellant's conduct which pertains to the offense of first degree murder consisted of unlawfully killing another person from a premeditated design to effect such person's death or while engaged in or in the attempt to commit a robbery did kill such person by shooting him with a handgun or aiding, abetting, counseling, hiring or procuring another to commit the murder. The conduct of aiding, abetting, counseling, hiring, or procuring another to commit the offense of murder by its nature would have had to have occurred prior to or during the killing and not after the fact.
[10] "[T]he state may only punish one who had committed an offense; and an offense is an act clearly prohibited by the lawful authority of the state, providing notice through published laws." State v. Sykes, 434 So.2d 325, 328 (Fla. 1983).
[1] State v. Barton, 523 So.2d 152 (Fla. 1988); Kelly v. State, 552 So.2d 1140 (Fla. 5th DCA 1989).
[2] See note 1 to Johnson v. State, 460 So.2d 954, 957 (Fla. 5th DCA 1984), approved, 483 So.2d 420 (Fla. 1986) which explains:

The trial court's acceptance of a nolo contendere plea is a matter wholly within the trial court's discretion, but when that discretion is exercised by a formal pronouncement that the plea is accepted, it is binding on the State and on the defendant, who is thereby placed in jeopardy as if he had pled guilty. See Fla.R.Crim.P. 3.172(f); Brown v. State, 367 So.2d 616 (Fla. 1979). In Florida an acceptance of a plea has legal significance, and once jeopardy has attached a court may not set aside a nolo contendere plea previously accepted without legal cause. See State ex rel. Wilhoit v. Wells, 356 So.2d 817 (Fla. 1st DCA 1978), cert. denied, 359 So.2d 1222 (Fla. 1978). See also Reyes v. Kelly, 224 So.2d 303 (Fla. 1969), cert. denied, 397 U.S. 958, 90 S.Ct. 961, 25 L.Ed.2d 142 (1970).
[3] Grady v. Corbin, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990); Polakoff v. State, 586 So.2d 385 (Fla. 5th DCA 1991), rev. denied, 593 So.2d 1053 (Fla. 1991).
[4] Affirmative false statements to a judge to induce acceptance of a plea agreement are one thing but mistakes of judgment by law enforcement officers in entering into a plea agreement are quite another matter when it comes to setting aside an accepted plea at the State's behest. See Johnson v. State, 460 So.2d 954 (Fla. 5th DCA 1984), approved, 483 So.2d 420 (Fla. 1986).
[5] The actions of defense counsel in "consenting" to the State's motion to withdraw the defendant's plea to accessory with knowledge that the State intended to file a more serious criminal offense constitutes a prima facie case of ineffective assistance of counsel.