STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

16-758


BRITTNI CASTILLE

VERSUS

ESTATE OF TRISSY HARGRAVE, ET AL.



**********


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20103865
HONORABLE DAVID MICHAEL SMITH, DISTRICT JUDGE

**********

JOHN E. CONERY
JUDGE

**********

Court composed of John D. Saunders, Phyllis M. Keaty, and John E. Conery, Judges.


REVERSED IN PART AND RENDERED MOOT IN PART.

**Paul D. Gibson**
**Thomas M. Long**
**Gibson Law Group, PLLC**
**600 Jefferson Street, Suite 600**
**Post Office Box 3663**
**Lafayette, Louisiana  70502-3663**
**(337) 233-9600**
**COUNSEL FOR DEFENDANT/APPELLANT/APPELLEE:**
      **Lafayette City-Parish ConsolidatedGovernment**
      **Officer Todd Rogers**


**Sera Hearn Russell, III**
**Attorney at Law**
**Post Office Box 52866**
**Lafayette, Louisiana  70505-3866**
**(337) 237-7171**
**COUNSEL FOR DEFENDANT/APPELLEE/APPELLANT:**
      **Estate of Trissy Hargrave**

**Jeffery F. Speer**
**George A. Wright**
**Doucet-Speer**
**A Professional Law Corporation**
**617 St. John Street**
**Post Office Drawer 4303**
**Lafayette, Louisiana  70502**
**(337) 232-0405**
**COUNSEL FOR PLAINTIFF/APPELLEE/APPELLANT:**
      **Brittni Castille**
      **Ella Hargrave**
      **Raywood Hargrave**

**CONERY, Judge.**

All remaining parties to this litigation have appealed a part of the judgment rendered by the trial court on August 4, 2016. Defendants, Lafayette Consolidated Government and Officer Todd Rogers (LCG Defendants), appeal the denial by the trial court of their peremptory exception of prescription. The plaintiff, Brittni Castille, and third party claimants, the Estate of Trissy Hargrave and Raywood and Ella Hargrave, who during the litigation substituted themselves in place of the Estate of Trissy Hargrave (collectively referred to as the Estate of Trissy Hargrave), appeal the ruling of the trial court after a trial on the merits finding that the LCG Defendants were free from fault, and thereby dismissing all claims against the LCG Defendants made by Brittni Castille and the Estate of Trissy Hargrave at their cost.

For the following reasons, we reverse the trial court's denial of the LCG Defendants' peremptory exception of prescription, which renders moot the appeal of Brittni Castille and the Estate of Trissy Hargrave of the trial court's ruling in favor of the remaining LCG Defendants, Lafayette Consolidated Government and Officer Rogers.

## PROCEDURAL HISTORY

The initial appeal of the plaintiff, Brittni Castille, was taken from the trial court's reason's for judgment, and docketed under number 16-798. However, subsquent to its granting the plaintiff's order of appeal, the trial court signed a judgment in conformity with its reasons for judgment on August 4, 2016. The Louisiana Supreme Court in *Overmier v. Traylor*, 475 So.2d 1094, 1094-95 (La.1985) (emphasis added and footnote omitted), overturned the appellate court's dismissal of an appeal taken from the trial court's reasons for judgment and stated,

"an appeal granted before the signing of a final judgment is subject to dismissal *until* the final judgment is signed. However, once the final judgment has been signed, any previously existing defect has been cured, and there is no useful purpose in dismissing the otherwise valid appeal."

The August 4, 2016 judgment was transmitted to this court and docketed under number 16-1049. Although these two cases are not consolidated, they are idential, and this court's ruling under this docket number will be reflected in docket number 16-1049.

## FACTS

On December 4, 2009, an automobile accident took place on Ambassador Caffery Parkway in Lafayette, Louisiana, when Andrew Garner, driving a black Infiniti at a high rate of speed, lost control of the vehicle, entered the opposing lane of travel, and collided with a vehicle driven by Trissy Hargrave. Both Mr. Garner and Ms. Hargrave died at the scene and Brittni Castille, the guest passenger in the Hargrave vehicle, suffered injuries.

### *Actions Prior to the Filing of a Formal Petition*

On April 12, 2010, prior to the formal filing of any lawsuit, Brittni Castille signed a document entitled "Release of All Claims" (Release) with Catherine D. Garner, the Estate of Andrew M. Garner (Garner Estate), and its insurer USAA Casualty Insurance Company (USAA). In the Release, Brittni Castille agreed to discharge Catherine D. Garner, the Garner Estate, and USAA, their heirs, executors, and assigns:

> [F]rom any liability now accrued or hereafter to accrue on account of
> any and all claims or causes of action, which I/we now or may
> hereafter have for personal injuries, damage to property, loss of
> services, medical expenses, contribution, indemnification, losses or
> damages of any kind or nature whatsoever, known or unknown or that

2

may hereafter develop, by me/us sustained or received on or about December 4, 2009 through an auto accident[.]

The Release signed by Brittni Castille further states "IT BEING FURTHER AGREED AND UNDERSTOOD that this settlement is a compromise of a disputed claim **and that the payment is not to be construed as an admission on the part of the party or parties hereby released of any liability whatever in consequence of said accident.**" (Emphasis added.)

Also on May 14, 2010, prior to the formal filing of any lawsuit, Ella and Raymond Hargrave signed a document entitled "Release of All Claims (1st Party and 3rd Party)" with "Catherine D. Garner, Richard M. Garner, Andrew M. Garner, and its insurer USAA-CIC." In the Release, the Hargraves agreed to discharge Catherine D. Garner, Richard M. Garner, Andrew M. Garner, USAA-CIC, and their heirs, executors, and assigns (emphasis added):

> [F]rom any liability now accrued or hereafter to accrue on account of any and all claims or causes of action, which I/we now or may hereafter have for personal injuries, **damage to property**, loss of services, medical expenses, contribution, indemnification, losses or damages of any kind or nature whatsoever, known or unknown or that may hereafter develop, by me/us sustained or received on or about December 4, 2009 through an auto accident[.]

The Release signed by the Hargraves further stated, "IT BEING FURTHER AGREED AND UNDERSTOOD that this settlement is a compromise of a disputed claim **and that the payment is not to be construed as an admission on the part of the party or parties hereby released of any liability whatever in consequence of said accident**." (Emphasis added.)

*Filing of a Formal Petition*

On June 7, 2010, Brittni Castille filed suit naming the Estate of Trissy Hargrave as the only defendant and asking that service be withheld on the

3

"ESTATE of Trissy Hargrave." The petition filed by Brittni Castille alleged negligence on the part of Andrew Garner in causing the accident, but neither the Estate of Andrew Garner nor his insurer, USAA, were named as defendants. Interestingly, the petition did not allege any negligence on the part of the only named defendant, the Estate of Trissy Hargrave.

On June 14, 2010, the Estate of Trissy Hargrave filed an answer denying liability, despite never being served with the petition filed by Brittni Castille. The Estate of Trissy Hargrave also filed a third party demand, cross claim, and intervention against only one defendant, Pilot's Sports Pub, Inc. (Pilot's). The Estate of Trissy Hargrave alleged Andrew Garner was drinking heavily at Pilot's, despite the fact that he was a minor. Further, it was alleged that Pilot's failed to check Andrew Garner's ID, and he became intoxicated, which led to the death of Trissy Hargrave and the injuries to Brittnii Castille. Once again, although the negligence of Andrew Garner was alleged to be the cause of death and injury, neither Garner nor his insurer, USAA, was named as a defendant in the third party cross claim of the Estate of Trissy Hargrave.

On January 28, 2011, thirteen months after the accident, Brittni Castille filed a first supplemental and amended petition naming the LCG Defendants and Pilot's as additional co-defendants with the Estate of Trissy Hargrave. Brittni Castille claimed that Pilot's served alcohol to a minor, Andrew Garner, without checking for his ID, which contributed to the cause of the accident that resulted in the injuries to Brittni Castille.

She further claimed that LCG Defendant, Officer Rogers, engaged in a high speed chase of the black Infiniti driven by Andrew Garner which contributed to or caused the accident that resulted in the injuries to Brittni Castille. The trial court

4

granted the plaintiff's order to file the amended petition on January 31, 2011, but the certificate of service on the motion for leave to file the first supplemental and amending petition is unsigned by counsel for Brittni Castille.

On February 15, 2011, fourteen months after the accident, the Estate of Trissy Hargrave moved, and was granted leave by the trial court, to file its first supplemental and amending third party petition and cross claim against the LCG Defendants. The Estate of Trissy Hargrave's petition mirrors the petition filed by the plaintiff, Brittni Castille and seeks damages for the death of Trissy Hargrave.

On August 31, 2015, Pilot's filed a motion for summary judgment, which was granted by the trial court also on August 31, 2015, after all parties waived the delays for notice and formal service. Pilot's claimed that Andrew Garner had gone home after leaving Pilot's, then left his home, which constituted a subsequent intervening cause to his actions. The trial court dismissed Pilot's with prejudice and, pursuant to La.Code Civ.P. art. 1915(A)(2), entered a final judgment finding that Pilot's, a timely sued co-defendant, was without fault.[1] No appeal to the final judgment dismissing Pilot's with prejudice was forthcoming.

On September 2, 2015, a bench trial began, and after plaintiffs Brittni Castille and the Estate of Trissy Hargrave rested their cases, the LCG Defendants and the Estate of Trissy Hargrave moved for involuntary dismissal pursuant to

---

[1]Louisiana Code of Civil Procedure Article 1915(A) provides in pertinent part:

> A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
>
> . . . .
>
> (2) Grants a motion for summary judgment, as provided by Articles 966 through 969.

La.Code Civ.P. art. 1672(B).[2]  The trial court granted the motion on behalf of the Estate of Trissy Hargrave finding that Trissy Hargrave was not at fault in the accident and the motion on behalf of LCG Defendant, Chief Jim Craft, also finding he was not at fault, and dismissed all claims against them with prejudice.  The trial court denied the involuntary dismissal motions on behalf of the remaining LCG Defendants, Lafayette Consolidated Government, and Officer Rogers.

After the trial court denied their motion for involuntary dismissal, the remaining LCG Defendants filed a peremptory exception of prescription seeking dismissal of all claims asserted against them by Brittni Castille and the Estate of Trissy Hargrave.  The remaining LCG Defendants urged that pursuant to La.Code Civ.P. art. 3492, the prescriptive period had run as to all the claims made by Brittni Castille and the Estate of Trissy Hargrave before the remaining LCG Defendants were sued.  Further, the prescriptive period was not interrupted by the pre-lawsuit settlement agreements, and finally, no joint obligation remained under La.Code Civ.P. art. 2324(C), as all timely sued defendants had been found free from fault and dismissed from the case by the trial court.

The trial court took the peremptory exception of prescription under advisement and allowed the submission of post-trial memoranda on the issue of prescription and the fault of the two remaining LCG Defendants.  The trial court issued reasons for ruling on June 27, 2016, finding that the claims against the two

---

[2]Louisiana Code of Civil Procedure Article 1672(B) provides:

> In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief.  The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.

remaining LCG Defendants were not prescribed. In the same reasons, the trial court found Lafayette Consolidated Government and Officer Rogers "free from fault." The trial court signed the "Final Judgment of Dismissal" on August 4, 2016, which reflected its reasons for ruling, and dismissed all claims filed against the remaining LCG Defendants made by the plaintiff Brittni Castille, and third party claimants, the Estate of Trissy Hargrave and Raywood and Ella Hargrave, at their cost.

The remaining LCG Defendants have appealed the trial court's ruling denying their peremptory exception of prescription. Brittni Castille and the Estate of Tracy Hargrave have appealed the ruling by the trial court that Lafayette Consolidated Government and Officer Rogers were free from fault in the accident that caused the death of Trissy Hargrave and the injuries to Brittni Castille. We will first address the issue of the trial court's denial of the peremptory exception of prescription filed on behalf of the remaining LCG Defendants, Lafayette Consolidated Government and Officer Rogers.

## ASSIGNMENTS OF ERROR

The remaining LCG Defendants, Lafayette Consolidated Government and Officer Todd Rogers, assign the following errors on appeal.

1) The trial court [erred] in finding that pre-lawsuit settlement agreements between the plaintiffs on the one hand and the negligent driver on the other was an acknowledgement of liability, interrupting prescription against the LCG Parties.

2) The trial court erred when it first found that an acknowledgment of prescription had occurred and then imputed it to unrelated LCG Parties.

3) The trial court misapplied Louisiana Civil Code Article 2324 (C) by finding that prescription had been interrupted as to the LCG Parties even though no one could remotely be considered a joint tortfeasor has ever been sued or served.

7

*Standard of Review - Prescription*

In the recent case of *Lomont v. Bennett*, 14-2483, p. 8 (La. 6/30/15), 172 So.3d 620, 627, *cert. denied*, ___ U.S. ___, 136 S.Ct. 1167 (2016) (citations omitted), our supreme court clarified the appellate standard of review applicable to a peremptory exception as follows:

> At a hearing on a peremptory exception of prescription pleaded prior to trial, evidence may be introduced to support or controvert the exception. In the absence of evidence, an exception of peremption must be decided upon the facts alleged in the petition with all of the allegations accepted as true. However, when evidence is introduced, the court is not bound to accept plaintiff's allegations as true. If evidence is introduced at the hearing on the peremptory exception of peremption, the district court's findings of fact are reviewed under the manifest error-clearly wrong standard of review. If those findings are reasonable in light of the record reviewed in its entirety, an appellate court cannot reverse even though convinced that had it been sitting as a trier of fact, it would have weighed the evidence differently.

The peremptory exception of prescription urged by the LCG Defendants was filed after the plaintiff and third party claimants had rested their case, and prior to submission of the matter to the trial court for decision. Therefore, the LCG Defendants' peremptory exception of prescription is timely pursuant to La.Code Civ.P. art. 928, which provides in pertinent part, "[t]he peremptory exception of prescription may be pleaded at any stage of the proceeding in the trial court prior to the submission of the case for decision."

Further, as evidence was introduced at the trial relevant to the peremptory exception of prescription, we must review the entire record to determine if the trial court manifestly erred in making its factual conclusions.

## LAW AND DISCUSSION

Louisiana Civil Code Article 3429 governs the prescriptive period for a delictual action and provides in pertinent part, "[d]elictual actions are subject to a

8

liberative prescription of one year.  This prescription commences to run from the day injury or damage is sustained." Louisiana Civil Code Article 2324(A) requires that, "[h]e who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act." Likewise, La.Civ.Code art. 2324(B) states in pertinent part, "[i]f the liability is not solidary pursuant to Paragraph A, then liability for damages caused by two or more persons shall be a joint and divisible obligation."  However, La.Civ.Code art. 2324(C) provides that "[i]nterruption of prescription against one joint tortfeasor is effective against all joint tortfeasors."

In the recent case of *Correro v. Ferrer*, 16-861, p. 4-5 (La. 10/28/16), ___ So.3d ___, ___, our supreme court recently reiterated the law pertaining to prescription and stated:

> As we have long held, prescriptive statutes are strictly construed in favor of maintaining a plaintiffs' cause of action. *Williams v. Jackson Parish Hospital*, 00-3170, p. 13 (La. 10/16/01), 798 So.2d 921, 930.  Absent clear, contrary legislative intent, "prescriptive statutes which can be given more than one reasonable interpretation should be construed against the party claiming prescription." *Maltby v. Gauthier*, 506 So.2d 1190, 1193 n. 5 (La. 1987).  Thus, if there are two possible constructions, the one which favors maintaining an action, as opposed to barring, should be adopted. *Carter v. Haygood*, 04-0646, p. 10 (La. 1/19/05), 892 So.2d 1261, 1268.

The Louisiana Supreme Court in *Prevo v. State ex rel. Department of Public Safety and Corrections Division of Probation and Parole*, 15-823, p. 4 (La. 1/25/16), 187 So.3d 395, 398, reiterated the burden of proof to be applied in determining a peremptory exception of prescription:

> Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception. *Campo v. Correa*, 01-2707, p. 7 (La.6/21/02), 828 So.2d 502, 508.  However, if prescription is evident on the face of

the pleadings, the burden shifts to the plaintiff to show the action has not prescribed. *Campo*, 01-2707 at p. 7, 828 So.2d at 508; *Williams v. Sewerage & Water Bd. of New Orleans*, 611 So.2d 1383, 1386 (La.1993).

As previously stated, Brittni Castille sued the LCG Defendants on January 28, 2011, some thirteen months after the December 4, 2009 accident. Additionally, third party plaintiff, the Estate of Trissy Hargrave sued the LCG Defendants on February 15, 2011, more than fourteen months after the December 14, 2009 accident. Therefore the burden is on plaintiff, Brittni Castille, and the third party plaintiff, the Estate of Trissy Hargrave, to show that prescription has been interrupted based on La.Civ.Code art. 2324(C).

## THE TRIAL COURT'S REASONS FOR RULING

The trial court found that prescription had been interrupted and denied the remaining LCG Defendants' peremptory exception of prescription, stating the following as its basis for ruling (emphasis added):

EXCEPTIONS OF PRESCRIPTION FILED BY LAFAYETTE CITY-PARISH CONSOLIDATED GOVERNMENT AND OFFICER TODD ROGERS

Exceptors argued that prescription had run due to the lack of fault on the part of Trissy Hargrave, thus she was not a joint or solidary obligor such that an interruption of prescription would have occurred. The accident occurred on December 4, 2009. **USAA, Andrew Garner's insurer acknowledged liability and interrupted prescription as late as May 7, 2010.** Interruption of prescription against one joint tortfeasor interrupts prescription against all joint tortfeasors. La.[Civ.Code art.] 2324. [*Mallett*] *v. McNeal*, [5-2289, 5-2322], p. 15 [(La. 10/17/06)], 939 So.2d 1254, 1264, holds that the unconditional payment of property damage interrupts prescription. Property damage was paid, and deposition of Debra Walter establishes that USAA issued a check to reimburse Farm Bureau for the payment of property damage in 2010.

The Third Party Demand/Cross-Claim by Trissy Hargrave's parents included a cause of action against Andrew Garner when Pilot's Pub was sued. The City of Lafayette and Officer Todd Rogers were added

10

as defendants prior to the release of Pilot pub at the trial on the merits of this case. Since a cause of action is for negligence, the negligence of co-tortfeasor, Andrew Garner, was pled, the timely filing of the case against Pilot's Pub, alleging the negligence of Andrew Garner interrupts prescription as to the co-tortfeasors, City of Lafayette and Officer Rogers. The City was added as a defendant on February 9, 2011, well within one year of the acknowledgement by USAA, Andrew Garner's insurer. Therefore, LCG's Exception of Prescription is denied.

### *Acknowledgement of Liability by Andrew Garner's Insurer USAA*

Louisiana Civil Code Article 3464 provides, "[p]rescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe." The acknowledgement referenced in the trial court's reasons for judgment was actually contained in the two documents entitled "RELEASE OF All CLAIMS[,]" previously cited in the facts portion of this opinion.

Contrary to the trial court's finding of fact, neither document contained the acknowledgment of liability necessary to interrupt prescription. The Release was signed on April 12, 2010, between Brittni L. Castille, as plaintiff, and Catherine D. Garner, The Estate of Andrew M. Garner, and USAA Casualty Insurance Company. The second Release was signed on May 18, 2010, between Ella Hargrave and Raymond Hargrave, parents of Trissy Hargrave, and Catherine D. Garner, Richard M. Garner, Andrew M. Garner, and USAA-CIC. Both documents contained the following language which unequivocally does not acknowledge any liability on the part of any of the potentially liable parties to the release: "IT BEING FURTHER AGREED AND UNDERSTOOD that this settlement is a compromise of a disputed claim **and that the payment is not to be construed as an admission on the part of the party or parties hereby released of any liability whatever in consequence of said accident**." (Emphasis added.)

Therefore, the trial court erred in finding USAA, Andrew Garner's insurer, "had acknowledged liability and interrupted prescription as late as May 7, 2010." Thus, the Release on behalf of the Estate of Trissy Hargrave, signed by her parents, could not serve as an acknowledgment that interrupted prescription as against the remaining LCG Defendants.

The trial court further found, based on the supreme court case of *Mallett v. NcNeal*, 05-2289 (La. 10/17/06), 939 So.2d 1254, that "the unconditional payment of property damages interrupts prescription." In *Mallett*, the supreme court actually stated, "an **unconditional payment** constitutes an acknowledgement sufficient to interrupt prescription." *Mallett*, 939 So.2d at 1259 (emphasis added). As previously stated, the Releases signed by the parties were not "unconditional."

The trial court also found that an acknowledgement sufficient to interrupt prescription occurred when USAA issued a check in 2010 to Farm Bureau for the property damage to the Hargraves' vehicle, as evidenced by the deposition of Debra Walter, an employee of USAA. However, the trial court failed to state that the supreme court in *Mallett* proceeded, after defining an "acknowledgment," to resolve the split in the circuit courts over the application of La.R.S. 22:661, which was renumbered to La.R.S. 22:1290, effective January 1, 2009.

Louisiana Revised Statute 22:1290 provides:

> No settlement made under a vehicle liability insurance policy for a claim against any insured thereunder arising from any accident or other event insured against for damage to or destruction of property owned by another person shall be construed as an admission of liability by the insured, or the insurer's recognition of such liability, with respect to any other claim arising from the same accident or event.

12

The supreme court in *Mallett* then agreed with this circuit and held, "that term 'settlement' in La.R.S. 22:661[3] can be equated with compromise, as the term is defined in La. C.C. art. 3071."[4] *Mallett*, 939 So.2d at 1264. *Crawley v. National Fire & Marine Insurance Co.*, 10-2095, p. 5 (La.App. 1 Cir. 5/6/11), 65 So.3d 235, 238, also found, based on the holding in *Mallett*, that "[a] settlement is defined as a compromise and is distinguished from an unconditional payment."

As in *Crawley*, the application of La.R.S. 22:1290 to the Release signed by the Hargraves on behalf of the Estate of Trissy Hargrave clearly constituted a "settlement." Thus any payment by USAA to Farm Bureau pursuant to the terms of the Release, "cannot be construed as an admission of liability by the insured, or the insurer's recognition of such liability, with respect to any other claim arising from the same accident." La.R.S. 22:1290.

The trial court further found that prescription had been interrupted based on a finding that "[t]he Third-Party Demand/Cross Claim by Trissy Hargrave's parents included a cause of action against Andrew Garner when Pilot's Pub was sued." Pilots's was timely sued on June 14, 2010. Although the negligence of Andrew Garner was alleged to be the cause of the death and injury, neither Garner nor his insurer, USAA, was named as a defendant in the third party, cross claim of the Estate of Trissy Hargrave. Clearly this was due to the settlement perfected between the Estate of Trissy Hargrave and Andrew Garner and his insurer, USAA, on May 18, 2010, which extinguished any cause of action that might have been brought against Andrew Garner and USAA. Accordingly, the mere allegations of

---

[3]Effective January 1, 2009 renumbered to La.R.S. 22: 1290.

[4]Louisiana Civil Code Article 3071 provides, "A compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship."

negligence made against Andrew Garner cannot serve to interrupt prescription against the remaining tortfeasors, Lafayette Consolidated Government and Officer Rogers.

At the time that the remaining LCG defendants, Lafayette Consolidated Government and Officer Rogers, urged their peremptory exception of prescription, no remaining co-defendants who had been timely sued remained as defendants in the case. Pilot's had been dismissed on summary judgment prior to trial, and Trissy Hargrave had been dismissed pursuant to an involuntary dismissal granted after the plaintiff and third party claimants rested their case.

The Louisiana Supreme Court in *Renfroe v. State ex rel. Department of Transportation and Development*, 01-1646, p. 4 (La. 2/26/02), 809 So. 2d 947, 950, clearly stated that the "interruption of prescription by suit against one solidary obligor is effective as to all solidary obligors. . . . The same principle is applicable to joint tortfeasors[,]" under La.Civ.Code art 2324(C). The *Renfroe* court further stated:

> However, a suit timely filed against one defendant does not interrupt prescription as against any other defendants not timely sued, where the timely sued defendant is ultimately found not liable to the plaintiffs, since no joint or solidary obligation would exist. *Spott v. Otis Elevator Co*. 601 So.2d 1255 (La.1992).

*Renfroe*, 809 So.2d at 950.

For the forgoing reasons, we find, after the required review of the entire record, that the trial court manifestly erred in making its factual conclusions, and hereby reverse the portion of the trial court's August 4, 2016 judgment denying Lafayette Consolidated Government and Officer Rogers' peremptory exception of prescription.

14

Based on this court's ruling on the prescription issue, the appeal of Brittni Castille and the Estate of Trissy Hargrave of the second portion of the trial court's August 4, 2016 judgment in favor of Lafayette Consolidated Government and Officer Rogers dismissing all claims against them is rendered moot.

## CONCLUSION

For the foregoing reasons, the trial court's judgment dated August 4, 2016, denying Lafayette Consolidated Government and Officer Todd Rogers' peremptory exception of prescription is reversed, thereby dismissing all remaining claims against them made by plaintiff, Brittni Castille, and third party plaintiff, the Estate of Trissy Hargrave. The appeal of Brittni Castille and the Estate of Trissy Hargrave of the second portion of the trial court's August 4, 2016 judgment in favor of Lafayette Consolidated Government and Officer Todd Rogers dismissing all claims made against them in this case is rendered moot. All costs of this appeal are assessed equally to Brittni Castille and the Estate of Trissy Hargrave.

**REVERSED IN PART AND RENDERED MOOT IN PART.**